Jesse A. GEORGE et al., Petitioners,

v.

W. T. HALL et al., Respondents.

No. A–9358.

Supreme Court of Texas.

Nov. 6, 1963.

John E. Taylor, C. L. Ray, Jr., Marshall, for petitioners.

Smith, Hall & Huffman, Marshall, for respondents.

SMITH, Justice.

Petitioner's motion for rehearing is granted; the Court's opinion delivered on July 24, 1963, is withdrawn and the following is substituted therefor.

On October 7, 1960, the respondents, W. T. Hall, Jr., and W. T. Hall, III d/b/a, W. T. Hall, contractor and builder, brought this suit against Jesse A. George and Mona George, husband and wife, petitioners, and the Marshall Savings & Loan Association, Marshall, Texas, a corporation. The petitioners shall hereinafter be referred to as the Georges, the respondents as Hall and the Loan Association as the Association.

Hall alleged that he agreed to construct for the Georges a one-story brick veneer dwelling on premises owned by the Georges, according to certain plans and specifications signed by Hall and the Georges for a total consideration of $24,900.00; that the Georges paid the sum of $5,900.00 in cash and executed a promissory note for $19,000.00; that Hall and the Georges, thereafter, on September 17, 1959, executed a mechanic's and materialmen's lien contract to secure said note; that on the date of its execution Hall assigned and conveyed the note together with the mechanic's and materialmen's lien to the Association, and that at the time of the filing of this suit there remained unpaid the sum of $9,052.00.

Hall alleged that he complied with the terms of the contract and that the Georges approved the work and accepted the premises by taking possession thereof on or about September 7, 1960; that having accepted the premises, the Georges are bound by the terms of the mechanic's and materialmen's lien contract wherein it was stipulated and agreed that:

" * * * the taking of possession * * * of the improvements * * * either before or after same has been completed shall constitute a full and

complete acceptance of same * * * and the lien herein created shall be a valid and enforceable lien for the full amount of the * * * note, and the parties of the first part [the Georges] by taking such possession shall waive all defenses, offsets, and counterclaims to such indebtedness and the lien securing same, and the same shall become valid and enforceable * * *."

Answers were filed by the Georges asserting that Hall was not entitled to any of the funds remaining unpaid for the reason that Hall had failed to perform in accordance with the terms of the contract. The Georges also filed a plea in abatement to Hall's suit, alleging that Hall was not entitled to a money judgment against them. This plea was sustained and the Georges were dismissed as defendants. However, the Georges filed a cross action alleging that Hall had failed to construct the residence in accordance with the terms of the contract, and that they were entitled to the remaining funds in the hands of the Association to be used towards the completion of the building.

Thereafter, Hall filed a motion for summary judgment against the Georges. This motion, so far as the Georges were concerned, contained the same allegations relative to the building contract as the allegations contained in Hall's petition, and the Georges' affidavits in opposition to the motion contained the same allegations as those contained in their cross action against Hall.

Hall filed amended pleadings wherein it was alleged that he had contracted with certain sub-contractors and such sub-contractors had furnished material and services in the construction of the building and that such sub-contractors should receive out of the funds in the hands of the Association *the sum actually due* each of them, and that the remainder should be paid to Hall. The materialmen and contractors, hereinafter named, intervened claiming they had furnished material and services under their agreement with Hall, and that certain sums were due for material furnished and labor performed in connection with the construction of the George residence. However, these contractors did not file a motion for summary judgment. Clearly the claims of the sub-contractors affected Hall and not the Georges. There existed no privity of contract between these claimants and the Georges.

On October 28, 1960, Hall, the Georges and the Association entered into a stipulation wherein it was agreed that the sum of $9,052.00 was the subject matter of this litigation; that such sum was the balance due on the Hall-George contract; that the Georges and Hall had made demand for the money, and that such demands were stated in the pleadings of the parties; that the Association had no interest in the subject of the litigation, other than to pay the sum of money in its hands to the parties found by the court to be entitled thereto. It was stipulated that the Association "* * * shall keep and retain the said funds pending the final termination of this litigation affecting the said sum and will pay the said funds to the parties hereto according to the terms of the final judgment entered in this cause provided, however, no cost shall be assessed against the Association."

The trial court, without the aid of a jury, sustained the Georges' plea in abatement and dismissed them as parties defendant. The judgment of the court recites a finding to the effect that the Georges accepted the premises by taking possession thereof on September 7, 1960, and that, therefore, there was no genuine issue of fact as between Hall and the Georges, and that Hall was entitled to judgment as a matter of law. The judgment further relieved Marshall Federal of all liability and established the validity of its lien on the property, denied all relief not expressly granted, and taxed all costs against the Georges.

The judgment awarded the Association the sum of $500.00 as its reasonable attorney's fees, and ordered the clerk to pay such

sum to the Association. In addition thereto the judgment ordered the remaining funds distributed as follows: "D. L. Warbritton, $1529.24; W. A. Jeter, $1032.00; W. A. George, $2331.50; Martex Glass Company, $239.69; W. D. Myrick, $300.00; Logan & Whaley Hardware Co., $420.39; Marshall Hardware & Supply Co., $24.50 and C. M. Pennington, the sum of $325.00, aggregating the sum of $6,702.32. The court ordered that the remaining $2,349.68 be paid to W. T. Hall, Jr., and W. T. Hall, III, after the clerk had paid all other sums above mentioned." Since, quite clearly, the Georges and the Halls, by consent, and the trial court, by its action, converted this suit from one by Hall against the Georges and Association to recover the sum of $9,052.00 remaining in the hands of the Association to one for a proper disposition of the funds accordingly as the issues in the case were determined by final judgment, we approach a solution of the question before us just as though the trial court had entered judgment in favor of Hall for $9,052.00 rather than the sum of $2,349.68.

Only the Georges appealed from the judgment of the trial court. In the Court of Civil Appeals the Georges attacked that part of the trial court's judgment which denied them relief on their cross action and awarded a recovery to Hall and the subcontractors. The Court of Civil Appeals in an unpublished opinion, severed the cross action, and as to the cause of action there asserted reversed the judgment of the trial court and remanded for a trial on the merits. The Court held that the record disclosed material fact issues with respect to the cause of action asserted in the cross action against Hall. The Court affirmed the trial court's judgment in all other respects, including the award to Hall of the sum of $2,349.68.

■ Hall did not file an application for writ of error in this court, and, therefore, cannot and does not attack the judgment of the Court of Civil Appeals severing and remanding the cross action for a trial on the merits. By their application for writ of error the Georges complain of affirmance of the trial court's judgment awarding a recovery of the $9,052.00. Thus, as the case reaches us, Hall is not in position to say that the record does not raise material fact issues as to the right of the Georges to recover on their cross action. Therefore, we are concerned only with the question of whether the Court of Civil Appeals erred in not also reversing the trial court's judgment as to its award of the sum of $9,052.00, and in not remanding Hall's cause of action to that extent for trial on the merits.

The issues between the parties are disclosed in their pleadings. Hall was asserting that he had completed the dwelling according to the terms of his contract and was entitled to the balance of his money from the Association. The Georges were asserting that Hall had not completed the dwelling according to his contract, that the house had not been accepted, and that the money should be held and used to complete the dwelling according to the contract. Hall was answering that the Georges had gone into possession of the house and under the express terms of the mechanic's lien contract had accepted the work as completed according to the contract. The Georges were answering, in turn, that Hall had abandoned the work for a period of more than ten days and they had a right under the express terms of the contract to go into possession for the purpose of completing the work; and, moreover, that there were latent defects not discoverable before taking possession. Association was asserting that it could not safely pay the money to Hall because of the controversy between Hall and the Georges as to whether the house had been accepted, and because of outstanding and unpaid claims for labor and materials.

It was in the context of this impasse that the three parties entered into the stipulation, filed among the papers of the case, recognizing that both Hall and the Georges were making demands on Association, and agreeing that the funds should be held by

the Association until final termination of the litigation "affecting said sum" and then be paid "according to the terms of the final judgment. * * *" In implementation of the agreement, the court authorized Association to file a bill of interpleader, and to pay the funds into the registry of the court. This was done. Those with claims for labor and materials were brought in to establish their rights in the fund. Pleadings were amended, and Hall's motion for summary judgment and the Georges' answer thereto were filed. The Georges had filed a plea in abatement of Hall's suit against them, and the plea was sustained by the court. The Georges thus went out of the case as defendants, but were permitted to remain in as cross-plaintiffs. Having gone out of the case as defendants, they would have had no standing to remain as plaintiffs upon the cause of action asserted by them except in recognition of the agreement that as between them and Hall the fund remaining would be awarded to Hall unless the Georges established a cause of action for damages for breach of contract, in which event the fund remaining would first be applied to satisfaction of any damages awarded the Georges.

The trial court's judgment reflects that the court regarded a determination of the issues raised by the cross action as necessary before the fund remaining should be awarded to Hall. After sustaining the plea in abatement, the judgment recites that the court then considered Hall's motion for summary judgment, "and finds that Jesse A. George and wife, Mona D. George, took possession of the premises on or about September 7, 1960, and by taking possession of said premises that same constitutes a complete acceptance of the property. * * *" Based on that finding, the Georges were denied the relief they sought to subject the fund remaining to their claim, and it followed as a matter of course that the fund was awarded to Hall.

The controversy between Hall and the Georges over proper disposition of the sum of $9,052.00 thus became, by consent and acquiescence, a severable cause from the other issues in the case. But it was an indivisible cause. This sum of money cannot be disposed of accordingly as the issues between Hall and the Georges may be finally resolved unless it remains in the registry of the court until that time.

It is the duty of this court to render the judgment that the Court of Civil Appeals should have rendered. Rule 505, Texas Rules of Civil Procedure. Since the Court of Civil Appeals found, without complaint from Hall, that there were material fact issues raised with respect to the cause by the Georges' cross action, the Court should have reversed the judgment awarding the sum of $9,052.00 and denying a recovery thereof to the Georges, and remanded the entire cause to the trial court for trial on the merits. Accordingly, the judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded to the trial court for a new trial in accordance with this opinion.