Aubrey KEELING et al., Appellants,

v.

Sherill RIGSBY, Appellee.

No. 7640.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1966.

Paul Spillman, Wellington, for appellants.

Huff & Bowers, Lubbock, Broadus A. Spivey, Lubbock, of counsel, for appellee.

DENTON, Chief Justice.

This is a venue case under Sections 9 and 9a, Article 1995, Vernon's Ann.Civ.St.

Sherill Rigsby sued Aubrey Keeling and Julian Keeling, a partnership d/b/a K & K Pole Line Construction Company for personal injuries alleged to have been sustained on May 28, 1963 while an employee of the defendants. Aubrey Keeling filed his plea of privilege and in it alleged under oath "that no partnership exists between the named persons as a partnership". Rigsby filed a controverting affidavit in answer to this plea of privilege. The plea of privilege, after a hearing, was overruled. Aubrey Keeling gave a notice of appeal, however the appeal was not perfected and the trial court's order became final. On August 31, 1965, which was subsequent to the trial court's order overruling Aubrey Keeling's plea of privilege, plaintiff filed a first amended original petition in which he alleged the named defendant, Julian Keeling, was a misnomer and then named Gaylon Wayne Keeling as the partner with Aubrey Keeling d/b/a K & K Pole Line Construction Company. After service, Gaylon Keeling filed a plea in abatement alleging the two-year statute of limitations, a plea of privilege, and a general denial subject to the foregoing pleas. Neither the answer nor plea of privilege denied the partnership under oath. The plea of privilege of Gaylon Keeling was set for hearing on January 28, 1966. Neither party offered testimony. The trial court held Gaylon Keeling, having been alleged to be a partner in the K & K Pole Line Construction Company, failed to deny the partnership under oath and the prior order overruling the plea of privilege was res judicata. We affirm the order of the trial court.

In the absence of a sworn denial of partnership, a partnership stands admitted as alleged. Howell v. Bowden, 368 S. W.2d 842 (Ref. N.R.E.). Rule 93(f) Texas Rules of Civil Procedure. It follows that in order for the issue of partnership to arise in a venue hearing the defendant must deny partnership under oath in the plea of privilege. Davis v. Hill (Tex.Civ.App.) 371 S.W.2d 917; (Error Dis.). Moore v.

James (Tex.Civ.App.) 242 S.W.2d 958. At all times pertinent to this case, Aubrey and Gaylon Keeling were partners, d/b/a K & K Pole Line Construction Company, the true defendants in this suit. The partnership, not being in issue as it was not denied under oath, was established in the prior hearing which resulted in the order overruling the plea of privilege of Aubrey Keeling in June, 1965.

See also Tex.Civ.App., 402 S.W.2d 198.

The amended pleading filed after the limitation period was only for the purpose of correcting a misnomer and was not the institution of a new suit. It did not change the parties to the suit or allege a new cause of action. The liability of partners is joint and several. Their relationship is not that of principal and surety. Sheffield v. Nobles (Tex.Civ.App.) 378 S. W.2d 391. Lang v. Bass (Tex.Civ.App.) 374 S.W.2d 900. The suit having been timely filed against the partnership and the partners thereof is not barred by the statute of limitations. Under the state of this record, the introduction of evidence on the issues presented by Gaylon Keeling's plea of privilege became unnecessary.

The judgment of the trial court is affirmed.