**Francis C. KAIN, Appellant,**

v.

**NORTHLAND INSURANCE COMPANY et al., Including Kenneth Tapley, Appellees.**

**No. 8181.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 20, 1971.

Anderson, Edwards & Warnick, Hugh Anderson, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellees.

REYNOLDS, Justice.

This appeal presents the question of the proper venue in a plea of privilege proceeding. Francis C. Kain brought suit in Lubbock County against Northland Insurance Company, alleged to be a Minnesota corporation and an inland or general casualty insurance company; against Ranger-Allied Underwriters, alleged to be a Texas corporation domiciled in Houston; and against Kenneth Tapley, dba Kenneth Murchison & Company, alleged to be a resident of Dallas County. Only defendant Tapley, the appellee herein, filed a plea of

privilege to be sued in the county of his residence. Plaintiff Kain controverted the plea, and sought to maintain venue against Tapley in Lubbock County under subdivisions 28 and 29a of Article 1995, Vernon's Ann.Tex.Rev.Civ.St. After a hearing the trial court sustained defendant Tapley's plea of privilege, severed the alleged causes of action against him, and ordered the severed causes transferred to Dallas County, the county of his residence. Plaintiff Kain, the appellant, has appealed. Affirmed.

Appellant, through appellee's solicitation, was issued Northland's physical damage automobile insurance policy by Ranger-Allied, insuring appellant's truck and trailer cargo hauling units for collision or upset with comprehensive coverage. An endorsement to the policy provided that no collision or upset coverage was afforded by the policy while the insured property was being operated by anyone other than the drivers listed on the schedule of drivers contained in the endorsement; but provided further that newly hired drivers shall be deemed added to the schedule as of the time of hiring if their names, and certain other information, are reported to Northland within 30 days from the date of hire. One of the units was damaged in an upset and appellant's claim was denied on the sole ground that the unit was being driven at the time by a driver whose name had not been furnished to Northland as required by the policy endorsement. Appellant's suit alleged that timely notice of hire of the driver had been given to appellee as agent of Northland, and therefore Northland was liable under the policy. Alternatively, appellant alleged that if appellee were not Northland's agent at the time of notice and was his agent, or the agent of neither, appellee was liable in tort for his negligence in failing to notify Northland of the additional driver and thereby destroying the insurance coverage. Appellant further pleaded that after denial of his claim and threat of suit, appellee had caused all of appellant's insurance to be cancelled and had prevented appellant from obtaining other insurance on his equipment, resulting in cessation of appellant's business to his damage.

As to the cause of action alleged against appellee for the cancellation of his insurance and the prevention of his obtaining other insurance, appellant tacitly admits it is a matter not necessary to be litigated in the suit against Northland, and appellee's plea of privilege with respect thereto is good. We agree and will not notice further this aspect of the proceeding.

■ Subdivision 28 of Art. 1995, V.A.T.S., provides for the maintenance of suits against designated classes of insurance companies, one of which is an inland insurance company which Northland is alleged to be, in any county in which the insured property is situated. Subdivision 29a provides that whenever there are two or more defendants in a suit brought and lawfully maintainable against any defendant in any county, suit may be maintained in such county against any and all necessary parties. The exception to venue in the county of the defendant's residence permitted by subdivision 29a is never considered alone, but always in conjunction with some other subdivision of the statute. Although Northland raised no issue as to venue against it in Lubbock County, as to the appellee it was necessary that appellant first establish that venue is proper as to Northland under subdivision 28, and then establish that appellee is a necessary party to the suit against Northland to maintain venue in Lubbock County against appellee under subdivision 29a. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956). Thus, to hold appellee in the Lubbock County suit, it was necessary that appellant not only plead but prove by independent evidence that at the material times Northland was an inland insurance company and that the insured property was situated in Lubbock County, and then plead and prove by independent evidence that appellee is a necessary party to the suit against Northland.

There is no dispute that the property named in the insurance policy was situated in Lubbock County. To establish that Northland was an inland insurance company, appellant relied upon the introduction of the insurance policy, which designates Northland as "a stock company," and appellee's testimony that he has no personal knowledge of the kind of business conducted by Northland except for the one policy in question, and that Northland "is conducting *a business* in the continental limits of the United States of America." In this condition, the record does not identify the type of insurance company Northland may be or the business it is engaged in. It may be that Northland is an inland insurance company, but, if so, appellant has failed to prove the fact by a preponderance of the evidence. This record as readily lends itself to the conclusion that Northland may be some other type of corporation that has written this special policy. This leads us to the conclusion that appellant has failed to discharge the first half of his burden.

 Furthermore, we believe that appellant has failed to either plead or prove that appellee is a necessary party to the suit against Northland within the meaning of subdivision 29a. In the suit against Northland, appellee is a necessary party, within the meaning of subdivision 29a, only if the complete relief to which appellant may be entitled can be obtained only if both Northland and appellee are parties. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944). The pleadings of appellant have alleged alternative causes of action against Northland on a contract and against appellee on a tort for negligence. If appellee were in fact Northland's agent as to notice of the added driver, notice to appellee would be notice to Northland and Northland would be liable under its policy, thereby affording appellant all the recovery he seeks; consequently, no act of appellee or omission to act could be negligence and appellee could not be liable for failure to forward the notice to Northland. In this event appellant would have no cause of action against appellee and appellee would not be a necessary party to the suit against Northland. Conversely, if appellee were not the agent for Northland, appellee's alleged failure to forward notice of the additional driver to Northland destroyed the insurance coverage, and appellant has no cause of action against Northland, but only against appellee for his negligence, if any, which entitles appellee to be sued in Dallas County, the county of his residence. It follows that neither by pleading nor proof has appellant shown appellee to be a necessary party to the suit against Northland.

 Exceptions to the venue statute must be strictly construed and clearly established before one may be deprived of his statutory right to be sued in the county of his residence. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943). The application of this rule of law to the facts of this venue proceeding not only necessitates but accentuates the conclusion that appellee's plea of privilege was properly sustained.

The judgment of the trial court is affirmed.