**Joseph J. REY, Sr., Appellant,**

v.

**John W. YERBY, d/b/a John W. Yerby, Distributor, Appellee.**

No. 6272.

Court of Civil Appeals of Texas, El Paso.

Dec. 6, 1972.

Rehearing Denied Dec. 27, 1972.

Joseph J. Rey, Sr., pro se.

Diamond, Rash, Leslie & Schwartz, Donald S. Leslie, Richard E. Buck, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from an instructed verdict granted in favor of Appellee, as Plaintiff, in a suit based upon a sworn account. Joseph J. Rey, Sr. is the sole Appellant. We affirm.

The record, which contains no statement of facts, reflects Plaintiff's First Amended Original Petition, which states in part:

"Comes now JOHN W. YERBY, d/b/a JOHN W. YERBY, DISTRIBUTOR, Plaintiff, complaining of BEALLREY COMPANY, JOE REY, SR., CHARLES BEALL, JOE REY, JR., and EDNA REY, hereinafter called Defendants, and leaving having first been obtained from this court to join JOE REY, SR., JOE REY, JR., CHARLES BEALL, and EDNA REY, as Party Defendants, * * *."

Appellee further alleged that the above mentioned individuals were "engaged as partners" in a partnership business operation, and that the sum of $532.86 was owed Appellee for delivery of merchandise to Appellant. Attached to the petition is Appellee's "Exhibit 'A,' " which shows an outstanding balance of $532.86 on the account of The Beall Rey Co. The exhibit is apparently a copy of the ledger sheet kept by Appellee, as it reveals numerous prior business transactions between the parties. The sum Appellee alleged Appellant owed was sworn to by an affidavit in the following language:

"BEFORE ME, a Notary Public, in and for El Paso County, Texas, on this day personally appeared JOHN W. YERBY, who being before me duly sworn, upon oath states that the claim alleged in the above petition in favor of JOHN W. YERBY, d/b/a JOHN W. YERBY, DISTRIBUTOR, and against the BEALLREY COMPANY, JOE REY, SR., JOE REY, JR., CHARLES BEALL and EDNA REY, including Exhibit 'A' is within the knowledge of said affiant, just and true, that same is due, and that all just and lawful offsets, payments and credits have been allowed."

Appellee also sued for attorney's fees in the sum of $400.00.

Appellant filed an unsworn general denial to the allegations in Appellee's petition, and later attempted to file a sworn denial as a trial amendment. The trial Court refused to allow Appellant to file his sworn answer during trial, and Appellee made a motion for instructed verdict

prior to and after the introduction of evidence by both parties. Such motion was granted, awarding Appellee the sum of $532.86 plus $400.00 attorney's fees.

Appellant alleges two points of error, that the Court erred in directing a verdict for Appellee, and that the trial Court erred in not granting Appellant's motion for directed verdict. Sufficiency of the evidence is argued, but there is no statement of facts, and the judgment recites that both parties offered evidence. With no statement of facts in the record, we are in no position to pass on the sufficiency of the evidence. Rule 185, Texas Rules of Civil Procedure, which governs suits upon a sworn account, provides that the sworn affidavit of one alleging a claim of monies owed " . . . shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; * * *." The affidavit reflected in the record complies with the requirements of Rule 185. The record also reveals that Appellant's attempt to file a sworn answer after trial began was properly overruled in compliance with the language in Rule 185, he having prior thereto announced ready. See also Jorrie Furniture Company v. Rohm, 442 S.W.2d 476 (Tex.Civ.App., San Antonio 1969, no writ); Herrin v. Kelly, 429 S.W.2d 195 (Tex.Civ.App., Waco 1968, no writ); Alton R. Fairchild, Inc. v. M-P Cotton Felt Company, 403 S.W.2d 527 (Tex.Civ.App., Fort Worth 1966, no writ). Further, Appellant did not deny the existence of a partnership as alleged by Appellee, and absent a sworn denial, the allegation of partnership is admitted as alleged. Rule 93(f), T.R.C.P.; Keeling v. Rigsby, 407 S.W.2d 355 (Tex. Civ.App., Amarillo 1966, no writ); Powell v. Forest Oil Corporation, 392 S.W.2d 549 (Tex.Civ.App., Texarkana 1965, no writ).

Appellant's two points of error are overruled, and the judgment is affirmed.