**B & C CONSTRUCTION COMPANY,**
Appellant,

v.

**GRAIN HANDLING CORPORATION,**
Appellee.

No. 8543.

Court of Civil Appeals of Texas,
Amarillo.

March 24, 1975.

Crenshaw, Dupree & Milam, J. Orville Smith, Cecil Kuhne, Lubbock, for appellant.

LaFont, Tunnell, Formby, LaFont & Hamilton, Thomas Hamilton, Plainview, for appellee.

REYNOLDS, Justice.

A plea of privilege interposed to the venue selected in a cause of action basically pleaded to arise *ex contractu* in favor of a third-party beneficiary was overruled. The venue facts pleaded and proved failed to clearly establish an exception to the general venue statute required to maintain venue in the county of suit. Reversed and rendered.

United Steel Building Mfg., Inc., referred to as United, contracted in writing with, and thereby agreed to construct a steel building for bulk grain storage in Castro County on property owned by, Grain Handling Corporation, referred to as Grain Handling. United then entered into a written contract with B & C Construction Company, referred to as B & C, for the erection in a workmanlike manner of the building as designed and with materials furnished by United. During the erection, B & C encountered problems with the materials furnished by United to the extent that B & C's field superintendent thought the building would collapse. Before B & C would complete the erection, it sought and received from United a letter confirming that United accepted full responsibility for all structural design and fabrication. Upon completion of the building, United guaranteed to Grain Handling all labor and materials against defects in design and workmanship for a period of one year. Grain Handling took possession and began storing grain in the building. Within two and one-half months thereafter portions of the building collapsed.

Grain Handling filed suit in Castro County against David Walker, the president of United, individually and d/b/a United Steel Building Mfg., Inc., alleged to be a resident of Lubbock County; against United, alleged to be a Texas corporation with its office and principal place of business in Lubbock County; and against B & C, alleged to be a Texas corporation amenable to process in Houston, Texas. Referring to its contract with United, Grain Handling alleged that all defendants failed to perform under such agreement to design and construct the building in a good and workmanlike manner; that B & C impliedly warranted the materials used in the construction; that all defendants were negligent ·in specified particulars and grossly negligent in general in the construction of the building; and that the defendants falsely and fraudulently represented the building was suitable for its intended use. By its suit, Grain Handling sought judgment against the defendants, jointly and severally, for its damages resulting from the failure of the building.

United did not contest the venue. David Walker filed his plea of privilege which was overruled. Walker did not appeal and this aspect of the case is not further noticed.

B & C timely filed its plea of privilege, claiming its right to be sued in Harris County, its domiciliary county. Grain Handling controverted the plea, alleging that venue was maintainable in Castro County under subdivisions 5, 7, 9a, 23 and 29a of the general venue statute, Vernon's Ann.Civ.St. art. 1995.* Following a hearing, the trial court overruled B & C's plea of privilege without stating in its judgment which one or more of the exceptions to general venue the court found applicable. Findings of fact and conclusions of law were neither requested nor filed.

*General Principles Regarding Venue*

Certain general principles are controlling in the determination of proper venue for

---

* Subsequent citations of the numbered subdivisions are referenced to the subdivisions of Vernon's Ann.Civ.St. art. 1995.

the trial of a cause. In Resendez v. Lyntegar Electric Cooperative, 511 S.W.2d 350, 352 (Tex.Civ.App.—Amarillo 1974, no writ), we wrote:

"In enacting the general venue statute, V.A.C.S. art. 1995, the legislature determined to statutorily bestow upon the defendant the valuable right to be sued in his home county subject only to specific enumerated exceptions. These exceptions are strictly construed and must be clearly established before the defendant may be deprived of his statutory right. Kain v. Northland Insurance Company, 472 S.W.2d 304 (Tex.Civ.App.—Amarillo 1971, no writ); National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943). Thus, in order to defeat the valuable right bestowed, the plaintiff has the burden not only to plead, but to prove by a preponderance of the evidence that the cause comes within one of the exceptions, and all doubts must be resolved in favor of the general venue rule. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951)."

Consistent therewith, the exceptions relied upon by Grain Handling to maintain venue in Castro County are to be tested in the light of the appellate record.

### Subdivision 5

Subdivision 5 permits the maintenance of a suit in the county where the defendant has contracted in writing, naming such county, or a definite place therein, to perform an obligation. So far as its suit against B & C is concerned, Grain Handling readily concedes that it was not a party to the written subcontract between B & C and United; but Grain Handling contends that it is a third-party beneficiary of that subcontract and, as such, is entitled to sue B & C in Castro County for its breach of that subcontract.

▇ Indisputably, no privity of contract arises between Grain Handling and B & C as a consequence of B & C's subcontract with United. George v. Hall, 371 S.W.2d 874 (Tex.1963). Thus, if Grain Handling can maintain an action on the subcontract, it must show that the subcontract was made for its benefit either as a donee or a creditor beneficiary thereof as distinguished from an incidental beneficiary, who has no standing to sue on the contract. Republic National Bank of Dallas v. National Bankers Life Insurance Company, 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.).

▇ Not every contract will give one who is not privy thereto a right of action thereon, even though such third party might have received a benefit from the completion of the contract. House v. Houston Waterworks Co., 88 Tex. 233, 31 S.W. 179 (1895). It is presumed that parties contract for themselves and a contract, which must be construed in accordance with the language of the entire instrument, will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intent of the contracting parties. Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003 (1941). In this connection, the intention that the contracting parties made the contract, or specific provisions thereof, for the benefit of a third party is of controlling importance. Banker v. Breaux, 133 Tex. 183, 128 S.W. 2d 23 (1939).

▇ The language of the subcontract between United and B & C is plain and unambiguous and it is not subject to construction to discover an intent at variance with that expressed by the agreement itself. The subcontract is clearly limited to setting forth the relationship between United and B & C; there is nothing in the instrument pertaining to, or stating that the building was being constructed for, Grain Handling. The obligation undertaken by B & C runs only to United. B & C assumed no direct obligation to Grain Handling under its subcontract. Thus, it does not clearly appear from the terms of the sub-

contract itself that the contracting parties intended it was made for the benefit of Grain Handling. Under these circumstances, Grain Handling was at most only an incidental beneficiary of the subcontract and, in that capacity, acquired no right to sue B & C for breach thereof. It follows that the subcontract conferred no standing on Grain Handling to invoke the subd. 5 exception against B & C's plea of privilege.

### Subdivision 7

■ Grain Handling advocates the applicability of subd. 7, the exception which sanctions suit in the county where fraud was committed. Grain Handling asserts that B & C was guilty of fraud in concealing or in failing to disclose to it that materials used in the construction of the building were of inferior quality which would result in its collapse. However, the evidence negates the assertion. Wister Clevenger, the president of Grain Handling, not only testified that no one from B & C made any representations or promises to him about the building, but he further testified that during the construction B & C's field superintendent expressed to him doubt that the building was going to stand up. In this state of the record, Grain Handling failed to sustain its burden of proving by a preponderance of the evidence a case of actionable fraud committed by B & C in Castro County within the purview of the subd. 7 exception.

### Subdivision 9a

A suit based upon negligence may, under the subd. 9a exception, be maintained in the county where the defendant committed the act or omission of negligence. This exception is relied upon because Grain Handling contends it pleaded and proved that B & C was negligent in using defective and inadequate supplies and materials in its construction of, and in failing to properly locate and erect the support structures for, the building. Aside from the fact that B & C contractually was not responsible for either the design or the quality of the materials furnished it by United, Grain Handling cannot maintain its action *ex delicto* for the breach of the subcontract to which it was not privy in the absence of pleading and proof that B & C negligently violated some duty imposed by law.°

■ The gist of Grain Handling's action against B & C is for the breach of the subcontract; and, since the action is not maintainable without pleading and proving the subcontract, the action is, in substance, on the contract and it is not based on negligence, whatever may be the form of the pleadings. International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729 (1946). While one who has a right of action on a contract may sometimes sue on the contract or in tort for the breach of it, one who is not a party to the contract or in privity thereto may not maintain an action for negligenece which consists merely in the breach of the contract. House v. Houston Waterworks Co., supra; City of Wichita Falls v. Swartz, 57 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1932, no writ).

The duty imposed on B & C to erect the building in a workmanlike manner was created and imposed purely by virtue of the subcontract. The negligence alleged and the proof bearing thereon consisted merely in the breach of B & C's contractual duty. As previously stated, Grain Handling was not a party to the subcontract and, as previously determined, Grain Handling was at most an incidental beneficiary of the subcontract. Thus, if B & C in fact negligently breached the subcontract, B & C is liable only to United and not to Grain Handling.

■■ Moreover, it is fundamental that for there to be actionalbe negligence there must be a violation of duty owed to the party claiming on the ground of negligence; if no duty exists, no legal liability

can arise from or on account of negligence. J. A. Robinson Sons, Inc. v. Ellis, 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). Grain Handling has not alleged, nor does it contend on appeal, that B & C owed it any duty imposed by law which it breached apart from the legal duty under the subcontract upon which Grain Handling grounded its cause of action. Consequently, Grain Handling failed to bring its cause of action against B & C within the requirements of the subd. 9a exception.

### Subdivision 23

So far as Grain Handling claims that it is material, subd. 23 provides that suits against a private corporation may be brought in the county in which the cause of action or part thereof arose. Having failed to prove its pleaded cause of action against B & C for breach of the subcontract, fraud or negligence, Grain Handling failed in its burden required by subd. 23 to maintain its suit against B & C in Castro County. Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, no writ).

### Subdivision 29a

Subdivision 29a is authority that, whenever there are two or more defendants in a suit brought in a county where no defendant resides or is domiciled but where such suit is maintainable therein as to any defendant under some other exception to the general venue statute, such suit may be maintained in such county against any and all necessary parties to the suit. In relying on subd. 29a, Grain Handling must plead and prove that B & C is a necessary party to the action since venue of the suit against Walker and United, neither a resident of nor domiciled in Castro County, has been fixed in Castro County. Within the meaning of subd. 29a, a necessary party is one whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit, Ladner v. Reliance Corporation, 156 Tex. 158, 293 S. W.2d 758 (1956); thus, B & C is a necessary party to Grain Handling's suit against Walker and United only if the complete relief which Grain Handling merits cannot be obtained unless B & C is also a party to the suit. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944).

All defendants were alleged to be liable jointly and severally. The only relief to which Grain Handling is entitled by virtue of its pleadings against Walker d/b/a United and against United, the party defendants properly suable in Castro County, is a money judgment for its damages resulting from the breach of the contract between United and Grain Handling. This relief can be had by a money judgment obtained in Castro County against either Walker or United or both without B & C's presence as a defendant in the suit. Therefore, B & C is not a necessary party to the suit within the meaning of subd. 29a, Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942), and that exception is not available to maintain the suit against B & C in Castro County.

### Judgment

In view of the foregoing, Grain Handling failed to establish a cause of action maintainable in Castro County against B & C, and the plea of privilege filed by B & C should have been sustained. B & C's points of error are sustained and we render the judgment the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure.

The trial court's judgment overruling B & C's plea of privilege is reversed, and judgment is rendered ordering the cause of action asserted against B & C severed and transferred to a district court in Harris County.