**Veda HUNT, Appellant,**

v.

**ANDERSON, CLAYTON & CO., a corporation, Appellee.**

**No. 8955.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 20, 1978.

Hunter & Blackwell, Barry E. Blackwell, Dalhart, for appellant.

Robert R. Sanders, Amarillo, for appellee.

REYNOLDS, Justice.

Veda Hunt, named as an individual defendant in a sworn account action against a corporation and an individual guarantor of the account, appeals from the order overruling her plea of privilege. No competent evidence negates Hunt's prima facie right to a change of venue. Reversed and rendered.

Anderson, Clayton & Co., a Texas corporation, instituted the action out of which this venue proceeding arose in Potter County. Named as defendants were Earth Swine Breeders, Inc., a Texas corporation, James L. Winders and Veda Hunt. In its live trial pleading, Anderson, Clayton alleged one cause of action against Earth Swine Breeders, Inc., on a sworn account payable in Potter County, and another cause of action against Winders on his agreement guaranteeing payment of the account. Then, it was alleged that: Winders and Hunt purchased all of the shares of stock of Earth Swine Breeders, Inc., and operated the corporation as a sham and a fraud on its creditors in that the business of the corporation "was conducted as a partnership between the Defendants, VEDA HUNT and JAMES L. WINDERS, and . . . to make purchases for their own personal use and benefit;" to preserve the corporate entity to limit the liability of Hunt and Winders personally "would amount to fraud;" and "[t]herefore . . WINDERS and HUNT . . . are personally liable." The concluding allegation was that the instruments reflected in the sworn account were executed by the authority of Hunt and Winders and by their agents, servants and employees. The prayer was for judgment against each named defendant, jointly and severally.

Veda Hunt interposed her plea of privilege for the transfer of the cause to Hartley County, the county of her residence. Subject to her plea of privilege, she filed a verified denial of the sworn account and an unsworn general denial. Anderson, Clayton controverted the plea, invoking Tex.Rev. Civ.Stat.Ann. art. 1995, subdivisions 5 (Supp.1978) and 29a (1964) to maintain venue in Potter County on the respective theories that Hunt was a debtor of the account and a necessary party to the action.

At the hearing sans jury, the trial court took notice of the pleadings. Glen Schoen, the manager of Anderson, Clayton's Amarillo plant office, was the only witness. He identified the invoices and load order-delivery tickets attached to Anderson, Clayton's pleadings as the basis of the sworn account.

All of the load order-delivery tickets show that each product listed was sold to Earth Swine Breeders; all invoices are addressed to, and Schoen acknowledged that they reflect they are to be paid by, Earth Swine Breeders. When asked who ordered all of the materials that make up the account, Schoen replied, "Well, Mr. Winders managed the operation; I would assume ordered, turned most of the orders in." Schoen testified that to the best of his knowledge, Winders and Hunt owned the stock of Earth Swine Breeders, Inc., and, so far as he knew, they owned the stock during the time covered by the account. He said that Winders gave his own personal guaranty of the account. He also stated that "on one occasion he [Winders] provided us with a financial statement" of Veda Hunt.

Following a hearing of these matters, the court voluntarily explained that Anderson, Clayton had not reached Hunt except through the testimony that her financial statement was furnished through Winders at a time there were accounts owing to Anderson, Clayton. "With that bit of information," the court concluded, "I will overrule the plea of privilege."

■ The fact that Hunt's financial statement was furnished by Winders to Anderson, Clayton is not, and Anderson, Clayton does not contend on appeal that it is, any foundation for a conclusion that Hunt is personally liable on the account or is a necessary party to the action. There is nothing in Schoen's statement to indicate when Hunt's financial statement was furnished, the extent of its contents, that it was occasioned by any personal dealings with Hunt, or even that the statement was furnished with Hunt's consent. Accordingly, the testimony of Schoen does not permit any inference that the sales were made to Hunt, either personally or jointly, or that by virtue of her financial statement being furnished she became personally bound to pay the account. To the contrary, Schoen's testimony makes it plain that Anderson, Clayton's dealings were with Winders, who

ordered the merchandise, and that the charges were to be paid, as the documentary proof also shows, by Earth Swine Breeders, Inc.

■ Thus, if the comments of the court constitute the only factual finding upon which Hunt's plea of privilege was overruled, the judgment must be reversed. Nevertheless, we do note that subsequent to the court's comments, Hunt made a formal, written request for findings of fact and conclusions of law. The appellate record does not show any response was made to the request. The trial court was not required to make any findings of fact and conclusions of law in this venue proceeding. Rule 385(e), Texas Rules of Civil Procedure (1967). If we disregard the court's voluntary comments, we reach the two grounds on which Anderson, Clayton submits the judgment should be affirmed.

■ First, Anderson, Clayton refers to its pleaded allegation that the instruments reflected in the sworn account were executed by the authority of Hunt and Winders and by their agents, servants and employees. Then Anderson, Clayton argues that because Hunt did not file a verified denial of the execution of these instruments by her authority, Rule 93(h), T.R.C.P. (Supp.1978), applies to establish that each "instrument shall be received into evidence as fully proved." The rule authorized the holding in *Public Service Life Insurance Company v. Copus*, 494 S.W.2d 200, 202–03 (Tex.Civ. App.—Tyler 1973, no writ), upon which Anderson, Clayton relies. That holding, paraphrased to apply to the circumstances shown here, is: Absent the verified denial, the authority of Veda Hunt to act for the corporation will be deemed to have been admitted. But the application of the rule and the holding does not visit upon Hunt the ownership of the debt; rather, the application only results in establishing, without further proof, that the execution of the instruments was the act of Earth Swine Breeders, Inc., for whom Hunt acted. The executed instruments themselves identify the account sued upon as the debt of the corporation and not otherwise.

The other reason advanced by Anderson, Clayton to sustain the judgment is that its allegation that Hunt and Winders operated the corporation as a partnership was not denied under oath and, by force of Rule 93(f), T.R.C.P. (Supp.1978), Hunt must be considered a partner for venue purposes, thereby making her a necessary party. The rule does not influence the trial pleadings to that extent.

■ While Rule 93(f), T.R.C.P. (Supp. 1978), does provide that in a suit filed against a partnership and the partners thereof, the partnership stands admitted in the absence of a sworn denial, *Keeling v. Rigsby*, 407 S.W.2d 355, 356 (Tex.Civ.App.— Amarillo 1966, no writ), that is not the status of the action presented in this record. Anderson, Clayton did not sue a partnership and Hunt as a partner thereof, and did not pray for judgment against a partnership; instead, Anderson, Clayton sued a corporation and sued Winders and Hunt individually, and prayed for judgment against them jointly and severally as such. The allegation that the business of the corporation was conducted by Hunt and Winders as a partnership was merely made as a part of the allegation that they conducted the corporate business as a sham and a fraud upon the corporation's creditors. An allegation made descriptively of concerted fraudulent acts, but not as a predicate for a claim of liability as partners, need not be denied under oath to avoid an admission of partnership. *Owen v. King*, 84 S.W.2d 743, 751–52 (Tex.Civ.App.—Amarillo 1935), *rev'd on another ground*, 130 Tex. 614, 111 S.W.2d 695 (1938). Moreover, because the assertion of partnership was a descriptive part of the allegation of the fraudulent operation of the corporate business, the general denial pleaded by Hunt put in issue all of the allegations of fraud, and she was not required to deny the same under oath. *Davisson v. Eastland County*, 6 S.W.2d 782, 787 (Tex.Civ.App.—Eastland 1927), *aff'd* 13 S.W.2d 673 (Tex.Com.App.1929). Anderson, Clayton did not adduce any evidence of fraud in support of its allegation.

A defendant's right to be sued in his home county is a valuable right which can be defeated only by the clear establishment of a specific statutory exception to that right. *B & C Construction Co. v. Grain Handling Corp.*, 521 S.W.2d 98, 101 (Tex. Civ.App.—Amarillo 1975, no writ). The timely filing of a plea of privilege in proper form constitutes prima facie proof of the defendant's right; and to defeat that right, the plaintiff must clearly allege and prove the venue facts of a particular exception, and all doubts must be resolved in favor of the defendant's right for venue may not be sustained by implication. *Colorado Interstate Gas Co. v. Mapco, Inc.*, 570 S.W.2d 164, 167, 169 (Tex.Civ.App.—Amarillo 1978, no writ). Anderson, Clayton has not met its burden under this record.

The judgment of the trial court is reversed. Judgment is here rendered severing the cause of action against Veda Hunt and ordering it transferred to the district court of Hartley County. Rule 434, T.R. C.P. (Supp.1978).