**PLAINS MACHINERY COMPANY, INC., Appellant,**

v.

**CITY OF BEAUMONT, Appellee.**

No. 09 83 199 CV.

Court of Appeals of Texas, Beaumont.

June 7, 1984.
Rehearing Denied June 28, 1984.

J.B. Whittenberg, Howard L. Close, Beaumont, for appellant.

V. Lane Nichols, Asst. City Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Venue case. This interlocutory appeal follows the overruling of a plea of privilege filed by Appellant, Plains Machinery Company, Inc. The City of Beaumont filed suit alleging the breach of a repurchase agreement. The Appellee timely filed a controverting plea relying upon *TEX.REV.CIV. STAT.ANN. Art. 1995, Sec. 5* (Vernon 1964), *Sec. 3(e)* and *Sec. 23* (Vernon's 1964 to 1983 Pamphlet Supplement) as exceptions to the general venue statute which would permit the suit to remain in Jefferson County. At the hearing on the plea of privilege and controverting plea held May 27, 1983, the Appellee offered into evidence all of the requests for admissions of fact pursuant to *TEX.R.CIV.P. 169*. At the hearing, as we understand the record, the Appellant agreed that all the requests for admissions of fact were deemed fully admitted on the venue issues.

The City's requests for admissions of fact were 19 in number and included a number of exhibits marked "A" through "F". There was no live testimony introduced at the venue hearing. A careful reading of the 19 requests for admissions of fact, coupled with a reading of "A", "Notice to Bidders"; "B", "Instructions to Bidders"; "C" "Bid Sheet"; "D", "City of Beaumont Purchasing Division, Beaumont, Texas, Bid Invitation"; "E", "Specifications, etc."; "F", "Guarnateed [sic] Guaranteed Maintenance and Repurchase Agreement" (said Guaranteed Maintenance and Repurchase Agreement containing 16 numbered paragraphs, with a number of subparagraphs), when construed together, support the trial judge's overruling of the plea of privilege.

We agree that *TEX.REV.CIV.STAT. ANN., Art. 1995* (Vernon 1964 and Vernon's 1964 to 1983 Pamphlet Supplement) provides, generally:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases ....";

but we find that the City has discharged its burden under the well-recognized exception to Article 1995, being:

"Sec. 3(e) Contract in writing. (1) Subject to the provisions of Subdivision (2), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him either in such county or where the defendant has his domicile."

We find that either under the venue statute of the Acts of 1955, 54th Legislature, or under the more recent amendment above, culminating in the Acts of 1983, 68th Legislature, page 2119, Chapter 385, Sec. 1, being effective September 1, 1983, that the City has shown an exception to the general venue statute, Subdivision 5, under the former statute, reading:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In paragraph 16 of the "Guaranteed Maintenance and Repurchase Agreement", we find this cogent, compelling, concise and conclusive sentence:

"This contract shall be performable in the City of Beaumont, Jefferson County, Texas."

The clear and unambiguous provisions of the "Guaranteed Maintenance and Repurchase Agreement," especially paragraph 16 thereof, construed with the admitted facts, compellingly causes us to conclude that the City of Beaumont proved the "contract in writing" exception to the general venue statute.

We note, in Vernon's 1964 to 1983 Pamphlet Supplement that:

"Section 3 of the 1983 amendatory act provides:

" 'This Act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.' "

These venue questions were pending and were decided on May 27, 1983, prior to September 1, 1983.

Under the admissions of fact in our record, we find that the Appellant herein is a party reached by the statute; that the claim is based upon a written contract; that the contract was entered into by the Appellant and that by the terms of the contract, itself, the performance of the very obligation sued upon was to be carried out in the county of suit.

■ This being an accelerated appeal— an appeal from an interlocutory order, yet appealable order—no motion for new trial shall be filed. The trial judge need not file findings of fact or conclusions of law. *TEX.R.CIV.P. 385(a)(b). See Hunt v. Anderson, Clayton & Co.,* 574 S.W.2d 826 (Tex.Civ.App.—Amarillo 1978, no writ). We perceive that the case of *Loyd W. Richardson C.C. v. Corpus Christi State N. Bank,* 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ) is parallel and persuasive of the case at bar. In the *Loyd W. Richardson Construction Corporation Case, supra,* the court wrote, at page 289:

"Where no findings of fact or conclusions of law are filed in a venue case, the trial court's judgment implies all necessary fact findings to support it. It is the duty of the Appellate Court to consider only the evidence most favorable in support of the judgment indulging all reasonable conclusions and inferences favorable to the judgment and to disregard entirely that evidence which opposes it. . . ."

*See also Fleetwood Construction Co., Inc. v. Western Steel Co.,* 510 S.W.2d 161 (Tex. Civ.App.—Corpus Christi 1974, no writ). A written contract, of course, may be composed of several documents and these documents are to be construed as a single, unified instrument. *W.B. Dunavant & Co. v. Southmost Growers, Inc.,* 561 S.W.2d 578 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Braniff Inv. Co. v. Robertson,* 124 Tex. 524, 81 S.W.2d 45 (Tex. Comm'n.App.1935, opinion adopted).

■ Again, under the admitted facts, we find and hold a single written contract, made up of several or multiple documents, was demonstrated by the City. These multiple documents are to be construed as if contained in a single instrument. *Braniff Inv. Co., supra.*

■ In addition, we also find that the proper venue is in Jefferson County under *TEX.REV.CIV.STAT.ANN. Art. 1995, Sec. 23* (Vernon 1964). This exception *Sec. 23* reads, in relevant part:

"Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county . . . ."

In Appellant's brief, Plains Machinery admits as follows:

"Plains admitted that it was a corporation and that it had an agent or representative in Jefferson County, Texas, in the Request for Admissions of City of Beaumont . . . The question is whether or not the plaintiff's cause of action or

part thereof arose in Jefferson County, Texas."

Indeed, for the purposes of the venue hearing, the machinery company admitted that it had an agent having managerial powers to conduct the business of the Appellant in Beaumont, Jefferson County. This admission, coupled with an unequivocal admission that the machinery company refused to repurchase the two 50,000 pound working weight dozers from the City of Beaumont, along with the other admissions, compels us to the conclusion that the trial court correctly determined that *Art. 1995, Sec. 23* was applicable and had been properly proved by the City of Beaumont. We sanguinely overrule the Appellant's Points of Error Nos. 1 and 2. We find that venue properly lies in Jefferson County. We affirm the trial court's judgment.

AFFIRMED.