PENCO, INC., Appellant,

v.

DETREX CHEMICAL INDUSTRIES, INC., Appellee.

Court of Appeals of Kentucky.

July 27, 1984.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellant.

Raymond Smith, Douglas H. Morris, Louisville, for appellee.

Before COOPER, MILLER and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellee, defendant below, in an action seeking damages for negligence. On appeal, the issue is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact, and that the appellee was entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

The facts relative to this action are as follows: In late 1974 or early 1975, the appellant, Penco, Inc., was awarded a contract to install the aluminum window and door frames for the future Jefferson County Hall of Justice building. As a result of this contract, the appellant entered into an agreement with Stiglitz Corporation whereby the latter would paint the window frames prior to their installation by the appellant. As a result of the contract with

the appellant, Stiglitz contacted both the appellee, Detrex Chemical Industries, Inc., and Porter Paint Company—hereinafter Porter's—concerning preparing the frames for painting, the type of paint to be used and its proper application. The paint applied to the first delivery of frames failed to adhere.

As a result of this failure, the appellant filed a breach of contract action against Stiglitz in May of 1975. The latter filed a third-party complaint against Porter's alleging that it had supplied defective paint and/or had given negligent advice as to the proper paint to be used. The appellee was not made a party to this action. Although the trial court directed a verdict against the appellant in its claim for loss of profits, the jury was instructed to enter a judgment for it on its claim for compensatory damages arising out of a breach of contract.

In September of 1978, the appellant filed this action against the appellee alleging that it had failed to adequately advise Stiglitz as to the proper chemicals to be used in treating the aluminum extrusions. The appellee answered, yet did not plead res judicata as an affirmative defense. Subsequently thereafter, the appellee filed a motion for summary judgment. This motion was overruled. Subsequent to further discovery, the appellee filed a second motion for summary judgment on the basis of res judicata and collateral estoppel. Again, the motion was overruled. In February of 1981, the appellee filed a third-party action against Porter's which, in turn, filed a third-party action against Stiglitz seeking either contribution or indemnity. Thereafter, the trial court subsequently entered summary judgment for both Porter's and Stiglitz. Again, it overruled the appellee's motion for summary judgment. In an appeal to the Court of Appeals, such judgments were made final. The appellant was not a party to that appeal. Thereafter, the appellee filed a fourth motion for summary judgment on the basis of res judicata and collateral estoppel. The trial court sustained this motion, and it is from such summary judgment that the appellant now appeals.

■ On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact and the appellee was entitled to judgment as a matter of law. CR 56.03. Although the appellant argues that the action herein is one founded in negligence, separate from the original breach of contract action, the Court of Appeals entered for both Porter's and Stiglitz in affirming the summary judgment, and held that under the doctrine of collateral estoppel, a judgment on the merits in a prior action, involving the *same parties* or their privies, precludes the relitigation of issues actually litigated and determined in a prior suit regardless of whether it is based on the same cause of action. *See Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358 (6th Cir.1967). And, although the appellant argues that no identity of parties or interest exists here—the appellee and appellant having no separate, contractual relationship—the Court of Appeals held otherwise in the prior appeal as follows:

A former judgment may be pleaded as res judicata only by the parties to that former action and their privies ... Privity is founded upon such an identity of interest that the party to the judgment represented the same legal right... There was an identity of interest between Detrex and the parties to the prior suit, Penco and Stiglitz. All three in litigation represent the same legal right—that is, a right to recovery based on Porter's supplying defective and unfit paints to Stiglitz and improperly advising Stiglitz. It was alleged that Detrex also gave improper advice in this litigation. Detrex's right of action is a derivative of its contractual relationship with Penco and its subcontractor, Stiglitz—no independent causes of action based on relationships between Detrex and Porter are alleged in the third-party complaint...

This Court feels bound by such language. Although the appellant argues that under CR 76.28(4)(c) such a ruling, in

an unpublished opinion, cannot be looked to as authority, the Rule states that such opinions "shall not be cited or used as authority in any *other* case in any court of this state." (emphasis added) We do not construe the Rule so strictly as to characterize the instant action as a separate "other case" from that filed by the appellant in May of 1975. All of the parties, except the appellant, were involved in the former appeal, and the issues were essentially the same as those confronting the trial court. Consequently, we reject the appellant's argument that the Court's language in the prior appeal is not binding on this Court.

▆▆ Finally, although the appellant alleges negligence with respect to the appellee's actions, negligence can exist only if the appellee owed the appellant a duty. Stated differently, if no duty existed, there could have been no breach of a duty and therefore no actionable negligence. *See Watson Adm'r. v. C. & O. Ry. Co.*, 170 Ky. 254, 185 S.W. 852 (1916); *Meredith v. Fehr*, 262 Ky. 648, 90 S.W.2d 1021 (1936). Although it is undisputed that the appellee owed a duty to Stiglitz, the appellant has failed to delineate the nature of the duty owed to it by the appellee. The appellant's complaint alleged, in part, as follows:

4. Defendant, Detrex Chemical Industries, Inc., through its duly authorized agents, servants and employees, negligently undertook to and did advise Stiglitz Corporation, Inc., as to the proper chemicals to be used in the process for cleaning and preparation of the aluminum extrusions and as a direct result of the negligence of the defendant, said aluminum extrusions were not properly prepared resulting in the paint failing to adhere to said aluminum extrusions.

In effect, the complaint alleges negligence on the part of the appellee rather than the appellant, as to Stiglitz. In *B & C Construction Company v. Grain Handling Corp.*, 521 S.W.2d 98 (Tex.Ct.Civ.App. 1975), United Steel Building Manufacturer contracted to construct a steel building with Grain Handling. United Steel, in turn, subcontracted part of the work to B

& C Construction Company. After Grain Handling had moved into the new building, it collapsed. As a result, the latter sued both United Steel and B & C Construction Company. The Court of Appeals of Texas, in ruling that Grain Handling had failed to state a claim against B & C Construction, stated as follows:

While one who has a right of action on a contract may sometimes sue on the contract or in tort for the breach of it, one who is not a party to the contract or in privity thereto may not maintain an action for negligence which consists merely in the breach of the contract...

Moreover, it is fundamental that for there to be actionable negligence there must be a violation of duty owed to the party claiming on the ground of negligence. If no duty exists no legal liability can arise from or on account of negligence ... Grain Handling has not alleged, nor does it contend on appeal, that B & C owed it any duty imposed by law which it breached apart from the legal duty under the subcontract upon which Grain Handling grounded its cause of action. Consequently, Grain Handling failed to bring its cause of action against B & C within the requirements of Subd. 9a exception. *Id.* at 102–03.

*See also Lumber Products, Inc. v. Hiriart*, 255 So.2d 783 (La.Ct.App.1972). We find such analysis persuasive. Although the appellant argues that the appellee did, in fact, owe it a duty as a result of the latter being aware that its advice to Stiglitz would accrue to the appellant's ultimate benefit or detriment, we disagree. The appellee's duty was to Stiglitz, not to the appellant. The appellant's recourse was against Stiglitz who, in turn, had recourse against the appellee.

▆▆ Lastly, under the *Restatement (Second) of Judgments* § 50 (1982), it is recognized that a party aggrieved by the acts of another, or by the concurring acts or more than one person, is entitled to only one recovery. The Commentary to 50 of the *Restatement* states as follows:

d. *Amount of loss adjudicated.* The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. See § 29. Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss. At V. II, p. 43.

In the prior appeal, the Court of Appeals stated as follows:

Penco has received a $10,325.00 jury award for the damages caused to it when the paint applied to the frames failed to adhere. It appears the same damages are the subject of this litigation.

*Cf. Escambia Chemical Corporation v. Industrial-Marine Supply Company, Inc.,* 238 So.2d 684 (Fla.App.1970). In that the appellant obtained a judgment in the former action, it is precluded from seeking a second recovery notwithstanding its characterization of such recovery as one for loss of profits.

The judgment of the trial court is affirmed.

All concur.