### SCARBOROUGH v. DARNELL & STAGNER. (No. 8025.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

1. BROKERS (§ 65*)—LIABILITY—ACTION FOR NEGLIGENCE—ESTOPPEL.

Where a broker represented to a purchaser that the owner's lot was larger by about one-seventh than it really was, so that the purchaser refused to perform except at a reduced price and the owner's son represented her in signing the contract with the purchaser, the owner could not complain that she had been prejudiced by the misrepresentations of the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

2. BROKERS (§ 38*)—LIABILITY—ACTION FOR NEGLIGENCE.

An owner, the dimensions of whose lot had been misrepresented by his broker, so that the purchaser, on discovering that the actual dimensions were less, required the owner to remit part of the purchase price, could not recover that amount from the broker, since such misrepresentation did not damage him in any sense.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 31–36; Dec. Dig. § 38.*]

3. BROKERS (§ 65*)—COMPENSATION—ACTING FOR BOTH PARTIES.

A broker, who represented an owner and effected an exchange of his property upon terms finally satisfactory to him, and who in no way represented the purchaser, was entitled to his commission; the fact that a third person represented both the broker and the purchaser being a matter of which the owner could not complain.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by Darnell & Stagner against Mrs. Willie L. Scarborough. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. J. Butts, of Cisco, for appellant. Mahaffey & Fulwiler, of Abilene, for appellees.

SPEER, J. Darnell & Stagner sued Willie L. Scarborough to recover commissions as real estate brokers for having effected an exchange of her real property with one W. P. Pulley. The defendant answered admitting the plaintiffs' cause of action, except in so far as the same might be defeated by her affirmative plea that she had been damaged in an amount in excess of the commissions sued for by reason of the fact that plaintiffs as her agents had wrongfully and negligently misrepresented her property to Pulley, upon dis-

covering which Pulley had declined to go on with the trade unless she would release him from the payment of some $995, which she had been forced to do, to her damage in this amount. The case was tried before the court without a jury, and judgment rendered for the plaintiff, and the defendant has appealed.

[1, 2] There are only two assignments of error. The first is to the effect that the judgment is contrary to, and not supported by, the law and evidence, in this, that the evidence shows appellees as appellant's agents represented to the purchaser, Pulley, that her lot was 80 by 140 feet in size, whereas, the same was only 75 by 130 feet, thereby inducing him to agree to pay therefor $995 more than he was willing to pay after having learned the real size of her lot. The facts further show, if it be conceded, as it must, that appellees did misrepresent the size of appellant's lot to Pulley, that appellant's son, a man of mature years, was authorized to represent appellant, and did represent her, in the matter of signing up the contract with Pulley, whereby the exchange of the property was agreed on, and for this reason, if no other, appellant cannot complain that she has been prejudiced by the representations of the brokers, Darnell & Stagner. But aside from this, we cannot conceive of any principle of law, to say nothing of ethics, that would authorize appellant to recover damages of her agents for having misrepresented her property whereby an intending purchaser was induced to agree to pay more therefor than he otherwise would. It is undisputed appellees (unintentionally no doubt) did misrepresent the size of appellant's lot, and that, upon Pulley's discovering this fact, appellant remitted $995 of the agreed purchase price. To permit her to recover this sum from her agents upon their false representations to Pulley would be to permit her to recover something she has never lost. The misrepresentations of appellees, though they failed, through the timely discovery of Pulley, to benefit her, certainly have not damaged her in any sense.

[3] The remaining assignment embodies the proposition that appellees should not recover the commission because one Mayfield, a sort of go-between, demanded and received a commission for bringing about the exchange, both from appellees and from the purchaser, Pulley. The principle invoked by appellant, to wit, that an agent cannot recover his commissions from his principal where he, without the knowledge of his principal, also represents the other party to the contract, has no application to the facts of this case. Appellees at no time and in no sense represented Pulley. They did represent appellant, and under the undisputed facts effected an exchange of her property upon terms finally satisfactory to her, or at least which she accepted, and are therefore entitled to the commissions. If there was any duplicity upon the part of any one, it was upon the part of Mayfield, who represented both appellees and Pulley; but this was a matter of which they alone can complain.

The judgment is affirmed.