Dennis S. **WAGNER**, d/b/a **Wagner Company Realtors, Appellant,**

v.

David A. **HALL, Appellee.**

No. 6422.

Court of Civil Appeals of Texas, El Paso.

Feb. 5, 1975.

Edwards, Belk, Hunter & Kerr, George W. Butterworth, El Paso, for appellant.

Johnson, Allen & Aycock, James T. Allen, C. Larry Mathews, Jr., Woodrow W. Bean, II, El Paso, for appellee.

## OPINION

WARD, Justice.

David A. Hall, after having sold his home, sued his real estate broker for damages sustained when the broker's sales agent caused the cancellation of a favorable sales contract which had been entered into with a prospective buyer when the down payment of the buyer was converted by the agent. Upon jury findings, judgment was entered in favor of the seller for $1,712.50 actual damages and $2,000.00 exemplary damages. A remittitur was directed and entered as to $1,000.00 of the actual damages. The broker has appealed, and we affirm in part and in part reverse.

This appeal is confusing due to the parties' lack of agreement as to the theory the trial Court used in submitting the case and the confusion is compounded by a failure to comply with the briefing rules. The plaintiff Hall alleged that Mrs. Silva, the sales agent for the defendant Wagner Company Realtors, received the sum of $1,000.00 from Fernando Flores, the prospective buyer, and that she converted the sum of $900.00 to her own use. Upon her then false and fraudulent representation, an earnest money receipt and contract of sale was entered into which reflected the sum of $100.00 as the earnest money. It was alleged that the purchaser Flores was ready, able and willing to proceed with the

transaction but when he discovered that the $900.00 was missing he rescinded the contract. The plaintiff alleged that he was then forced to sell his home to another at a reduced price and thereby sustained his damages.

As to the special issues submitted, the jury found that $1,712.50 were actual damages; that the defendant Wagner was negligent in hiring or retaining Mrs. Silva as an employee prior to this occurrence; that the negligence was a proximate cause of the plaintiff's damages; and that $2,000.00 should be awarded the plaintiff as exemplary damages from Wagner. The trial Court submitted the case on the assumption that all elements of a cause of action based on the agent's tortious conduct in causing a breach of the contract of sale had been established by the testimony of the defendant Wagner. See Clements v. Withers, 437 S. W.2d 818 (Tex.1969).

No objections were made to the charge of the Court. The Appellant Wagner has preserved his complaints and certain requested special issues, by motion for judgment non obstante veredicto and by his motion for new trial.

The Appellant's first points are based upon what he considers to be the plaintiff's cause of action; that is, that it is a suit by the plaintiff against the real estate broker for conversion of the $900.00. The points are that a suit for conversion does not lie as the plaintiff never had title to the $900.-00 and there was no identification of the specific chattel to support such a suit. However valid these points might be as a proposition of law, conversion is not the basis of the plaintiff's suit and the points are overruled.

■ The next points complain of the Court's failure to submit requested special issues, one of these being an inquiry if the $900.00 was converted by Mrs. Silva from David Hall, the plaintiff. As stated, conversion is not the basis of the lawsuit and no assertion or testimony was ever offered by Hall that the $900.00 was ever his.

Points are also offered that the Court failed to submit certain issues regarding Hall's failure to exhaust his remedies for breach of the contract of sale against Fernando Flores and in releasing Flores from purchasing his home. Here, it is apparent that the Appellant blows both hot and cold. He admits that his agent, Mrs. Silva, fraudulently misappropriated the $900.00; that when the Appellant found out about this he had the entire money returned to Mr. Flores, and when he discovered all of the true facts he fired Mrs. Silva and reported her to the Real Estate Commission. He has recognized at all times that Flores had a right to rescind his contract and a right to a restoration of all consideration paid down. Plaintiff had no cause of action against Flores for the rescission because the fraudulent misappropriation of the down payment was made by Mrs. Silva, who was the plaintiff's own subagent. See 12 Am.Jur.2d Brokers § 85, p. 839; Annot., 61 A.L.R.2d 1237. The action of the trial Court in failing to submit the special issues was correct.

■ Complaint is made that the special issues submitted amounted to a general charge and were not in accordance with the pleadings. Well and good, but no objections were levied at the charge and the complaint was waived. Texas Rules of Civil Procedure, rule 272.

■ A point is presented that the plaintiff suffered no actual damages by the transaction and profited when he made his later sale. After the first contract was rescinded by Flores, the house was again listed for sale with a different broker and was eventually sold at a reduced price and after the plaintiff had been required to pay additional monthly payments on the house note and while the house stood vacant. According to the plaintiff's testimony, these monthly payments amounted to the sum of $412.50. The plaintiff further testified that under the first contract he was to receive $1,200.00 net cash to him and when he finally was able to sell his house

he received the sum of $900.00 in cash, a loss to him between the two contracts of $300.00. According to his testimony, the sum of $712.50 was his actual damage and this was the amount ultimately awarded by the trial Court after the remittitur. Here, damages were sustained. For a case where no damages were sustained, see Scarborough v. Darnell & Stagner, 171 S. W. 1049 (Tex.Civ.App.—Fort Worth 1914, no writ). This point is overruled.

 Finally, a series of points are presented concerning the submission and the resulting findings of the award of exemplary damages. Due to the manner of presentation and the form of the complaints made by the Appellant, we have found considerable difficulty in considering these points. The trial Court recognized the general rule that to hold the principal liable in exemplary damages for acts of the agent, it is necessary to show either that the act was previously authorized by the principal, or that the act was later ratified or approved by the principal, or that the principal was negligent in employing the unfit agent. Union Transports, Inc. v. Braun, 318 S.W.2d 927, 941 (Tex.Civ.App. —Eastland 1958, no writ); P. C. Sorenson Company v. Bell, 326 S.W.2d 271 (Tex. Civ.App.—Dallas 1959, writ ref'd n. r. e.); 17 Tex.Jur.2d Damages § 183. The negligence of the principal was submitted to the jury and in this we find that the trial Court was in error. We have carefully examined the record and we find no evidence to justify the submission of the issue. Wagner testified to other evidence of misconduct by Mrs. Silva, some of which occurred in the previous year. However, knowledge by Wagner that Mrs. Silva was engaging in the wrongful acts and was actually converting down payments was not discovered by Wagner until six weeks after this instance. Evidently, the jury did not believe Wagner's version, but a disbelief of his version was no proof of the burden assumed by the plaintiff. No evidence of any prior negligence was produced. This no evidence point is sustained

only because it is obvious from a reading of the Appellee's brief that he was fully aware of the contention made. This one point in regard to exemplary damages is sustained. All other points are overruled.

The plaintiff by cross-point complains of the action of the trial Court in ordering a remittitur of $1,000.00 of what he terms as the exemplary damages. The trial Court awarded the remittitur only as to the actual damages. Treating the complaint made as being properly directed to this action of the trial Court, we refuse to hold that the trial Court's order of remittitur, when considered in the light of the whole record, was manifestly unjust. The cross-point is overruled. Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 (1959).

The judgment of the trial Court allowing $712.50 as actual damages is affirmed, but the judgment awarding $2,000.00 as exemplary damages is reversed and is here rendered.