**HANCOCK FABRICS, INC. et al., Appellants,**

**v.**

**E. Jean MARTIN, Appellee.**

**No. B2173.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1980.

Rehearing Denied Feb. 27, 1980.

James B. Smith, Jr., Alex Guevara, James M. Shatto, Houston, Jean C. Hamilton, St. Louis, Mo., for appellants.

Ernest H. Cannon, Riddle, Murphrey, O'Quinn & Cannon, John O'Quinn, Houston, for appellee.

Before COULSON, SALAZAR and JU-NELL, JJ.

COULSON, Justice.

In this personal injury action Appellee E. Jean Martin (Mrs. Martin) sued Appellants Hancock Fabrics, Inc. (Hancock) and Southwestern Bell Telephone Company (Southwestern Bell), for damages resulting from injuries suffered by her from a fall after she stumbled over a rubber molding covering a telephone wire on the floor of a Hancock Fabric Store. Mrs. Martin alleged that Hancock and Southwestern Bell were each negligent in certain particulars and that such negligence caused her to fall and be injured. The jury found both Hancock and Southwestern Bell negligent and attributed 25% of such negligence to Southwestern Bell and the remaining 75% to Hancock. Total damages of $182,220.00 were awarded. Hancock and Southwestern Bell have filed separate appeals.

Hancock and Southwestern Bell have each brought points of error contending that the damages for future physical

pain and mental suffering, future loss of capacity to perform household services, future physical impairment and future medical expenses found by the jury are excessive or unsupported by the evidence. When a jury verdict is attacked as excessive, presumptions favoring the jury verdict must be applied. The burden of establishing that the verdict was excessive rests on the party making the complaint. *Hammond v. Stricklen*, 498 S.W.2d 356 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

■ The evidence shows that appellee had two back surgeries as a result of her fall; neither surgery was completely successful, and the treating doctor testified that Mrs. Martin will probably have future pain and disability. Prior to her accident, appellee was active and in good health. She did all her family's housework and laundry, worked in the yard and made clothes for her children and herself. Appellee and her husband testified that before the accident Mrs. Martin and her family went many places together; they went on picnics, to boat races and shows and to the fair. Appellee enjoyed dancing and swimming. Now she goes only where she must and cannot enjoy her previous activities.

The evidence adduced was of sufficient probative force to support the jury's answers on the future damages issues according to the test of *Hammond v. Stricklen, supra.*

In determining whether a verdict is "excessive" the courts must review only that evidence favorable to the award, and the findings of the jury thereon will not be disturbed on ground of "excessiveness" if there is any evidence to sustain the award; they will not merely interfere and substitute their judgments, nor is it material that the courts might have awarded a lesser sum as fact finders; there must be some circumstantial indication of bias or prejudice; matters of pain, suffering, and general damages are peculiarly within the discretion of the jury; and in the absence of an affirmative showing of bias or prejudice the courts of civil appeals will give every intendment

to the evidence supporting the verdict. 498 S.W.2d at 363.

The awards were not excessive and are affirmed.

Hancock's points of error one and two complain that the trial court erred in overruling Hancock's motion for judgment non obstante veredicto and for new trial because there was no evidence or, alternatively, insufficient evidence to support the jury's finding, in answer to Special Issue No. 1, that Hancock maintained a dangerous condition in the manner in which moldings and wires crossed the aisle between two check-out counters. Hancock argues that the *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970) and *Methodist Hospital v. Hudson*, 465 S.W.2d 439 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.) cases compel us to reverse the judgment of the trial court because those cases hold that evidence such as that submitted in this case does not constitute probative evidence of a dangerous condition. We do not agree that the cited cases are applicable to our fact situation. In *Seideneck*, the plaintiff tripped on a loop in a rug on a showroom floor. There was no evidence that anyone had previously tripped on the rug. There was no allegation or evidence that the rug was defective in any manner. There was no evidence that the placement of the rug was at all unusual. For those reasons, the plaintiff was denied recovery.

In *Hudson*, this court applied the factors set out by the supreme court in *Seideneck* and also denied recovery to the plaintiff. There was no evidence of previous accidents attributable to the ceramic tile floor. There was no evidence that the floor was defective in any manner. There was no evidence tending to show that it was unusual to have an unglazed tile floor in the bathroom.

■ We believe this case to be factually distinguishable from *Seideneck* and *Hudson*. Here Hancock's clerk testified that she had stumbled over the rubber molding and had seen other customers stumble as well. The floor could be viewed as defec-

tive in that a molding approximately ¾ inch high, 3 to 4 inches wide and 3 feet long was placed across the floor between two check-out counters, a high traffic area through which customers had to pass in order to make their purchases. Such cannot be said to be the usual condition of a floor in such an area of a store. Thus, there was sufficient evidence to support the submission of and an affirmative answer to Special Issue No. 1 that Hancock maintained a dangerous condition in the manner in which moldings and wires crossed the aisle between the counters.

In its points of error three and four Hancock complains that there was no evidence or, alternatively, insufficient evidence to support the submission or an affirmative answer to Special Issue No. 10 inquiring whether Hancock negligently directed Southwestern Bell to install the telephone wire in question and its covering as it did. There was evidence that the store manager and the telephone installer discussed the method of installation to be used. The store manager told the installer to put the phone at the check-out stand. The two men discussed the alternative methods of running the wire either along the floor or from the ceiling down through a conduit. The store manager "approved" the floor installation method. The evidence was sufficient to support a jury finding that Hancock, through its employee, directed Southwestern Bell to install the telephone wire as it did. Appellant Hancock's points of error three and four are overruled.

■■ Hancock's point of error twenty-one complains of the trial court's refusal to grant Hancock leave to file its cross-action for contribution against Southwestern Bell. Hancock requested leave to file its cross-action on the second day of trial; whereupon Southwestern Bell claimed surprise. Tex.R. Civ.P. 63 provides that any amendment offered within seven days of trial "shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party." The action of the trial judge in granting or refusing a right to amend within seven days of trial lies within the discretion of the judge, and that action will not be disturbed without a clear showing of abuse of that discretion. *Plata v. Guzman*, 571 S.W.2d 408, 411 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n. r. e.). We find no such abuse of discretion in the record; Appellant Hancock's point of error twenty-one is overruled.

■ Southwestern Bell complains that the trial court erred in refusing to grant it indemnity against Hancock. We disagree. The jury assessed 75% fault to Hancock and 25% fault to Southwestern Bell. The jury was free to find Southwestern Bell blameless had it seen fit to do so. We will not disturb the apportionment of fault found by the jury. In *New Terminal Warehouse Corp. v. Wilson*, 589 S.W.2d 465 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ filed), this court has held that "[u]nder 2212a there is no rational basis for causing one defendant to indemnify another defendant, who was also found negligent and assessed a percentage of fault by the jury." This case is one where the holding in *New Terminal* is directly applicable; no contract for indemnity existed, the liability of the party seeking indemnity was not purely vicarious and it is not a products liability case. Thus, we affirm the trial court's refusal to grant indemnity.

In its remaining points of error Southwestern Bell complains of the submission of and the answers to Special Issues No. 6, 7 and 14a. Special Issue No. 6 asked:

Do you find from a preponderance of the evidence that it was negligence for Southwestern Bell Telephone Company, acting through its agents and employees to install and locate the telephone line in question as it did?

Special Issue No. 7 was conditioned on an affirmative answer to Special Issue No. 6 and asked:

Do you find from a preponderance of the evidence that such negligence was a proximate cause of the occurrence in question?

Special Issue No. 14a is the jury's assessment of 25% of the negligence to Southwestern Bell.

■ Appellee pled the negligence of Southwestern Bell in paragraph II of Plaintiff's Second Amended Original Petition. We have held that there was evidence sufficient to support the jury's finding that the molding covering the telephone wire presented a dangerous condition. From the record before us we cannot say that there was insufficient evidence from which the jury could conclude that Southwestern Bell was negligent in installing and locating the telephone line as it did.

■ In regard to the proximate cause inquired of in Special Issue No. 7, argument is made that the accident was not foreseeable as to Southwestern Bell. Foreseeability is established if the event or injury which actually occurred, or one similar to it, could have reasonably been foreseen by Southwestern Bell's employees when they installed the wire and molding. *Hunter-Hayes Elevator Company v. Williams*, 402 S.W.2d 280, 282 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n. r. e.). The jury had evidence before it to justify a finding that Southwestern Bell's employees could have reasonably foreseen a risk of harm resulting from the placement of the telephone wire and molding in the location and in the manner in which they were installed.

Southwestern Bell also assigns as error the jury's assessment of 25% of the negligence to it. We have held that there was evidence sufficient to establish negligence on the part of Southwestern Bell. For the reasons set out in *Hammond v. Stricklen*, discussed above, we will not disturb the jury's finding.

All of appellants' other points of error have been considered and are overruled.

Affirmed.