**MERIT DRILLING COMPANY, Appellant,**

**v.**

**Gary X. HONISH, et ux., Appellees.**

**No. 13–85–116–CV.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1986.

Rehearing Denied Aug. 29, 1986.

Douglas W. Poole, McLeod, Alexander, Powel & Apffel, P.C., Galveston, for appellant.

Ernest H. Cannon, Ernest Cannon & Associates, Russell H. McMains, Edwards, McMains & Constant, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

NYE, Chief Justice.

Appellees Gary and Melinda Honish brought suit for personal injuries sustained as a result of an oilfield accident which occurred in August 1982. A wellhead on which Gary Honish was welding fell against his back, injuring his spinal cord. A jury returned a verdict of one million dollars for Melinda Honish and five million dollars for Gary Honish. From a judgment on that verdict, plus $80,524.64 in stipulated medical expenses, Merit appeals.

Exxon Company, U.S.A., originally named as a defendant, settled with Mr. and Mrs. Honish for six million dollars on April 8, 1983. Ten days later, the Honishes filed their Third Amended Original Petition, adding Merit Drilling Company as defendant in the negligence action. Appellees filed their Fourth Amended Original Petition on Thursday, November 29, 1984, adding the allegation that appellant Merit had breached its express and implied warranty of performing its work in "a good and workmanlike and safe manner" and with proper equipment. Appellees also added a gross negligence allegation against appellant Merit. Prior to trial on the following Monday, December 3, 1984, appellant moved the trial court to strike the warranty cause of action, on the basis of surprise and lack of warranty as a matter of law, and the gross negligence allegation. The trial court refused to strike the appellees' pleading on breach of warranty but struck the allegation of gross negligence.

Appellant's first two points of error address the trial court's failure to grant the six million dollar credit to appellant for the amount paid by Exxon in settlement with the appellees. It is appellant's position under these two points of error that, according to TEX.REV.CIV.STAT.ANN. art. 2212a, § 2(d),[1] they were entitled to take a dollar-for-dollar credit on the judgment against the amount which the appellees had received in the settlement with Exxon. Essentially, appellant's complaint is that it was entitled, as a statutory right, to contribution against the settling defendant, Exxon. Absent such credit, the Honishes would have received twelve million dollars where the jury found damages to be six million dollars.

This is a negligence case which was controlled by article 2212a. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429 (Tex. 1984). The initial question posed by these points of error as set forth in the appellees' brief concerns the current status of the "one recovery rule" in Texas. *See Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935). Appellees argue, and we agree, that one need not look any further than *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), to determine that what little efficacy was left to the doctrine is to be found only in its statutory embodiment in article 2212a. In *Duncan* the Supreme Court abolished the common

1. Act of April 9, 1973, ch. 28, 1973, Tex.Gen. Laws 41, *repealed by* Act of June 16, 1985, ch. 959, § 9(1), 1985 Tex.Sess.Law Serv. 7043, 7218 (now codified as TEX.CIV.PRAC. & REMS CODE ANN. §§ 33.011-.017 (Vernon 1986)).

law doctrine of limiting the plaintiff to one recovery by adopting a pure percentage-of-causation scheme of recovery by a plaintiff against joint defendants. *Id.* at 432. However, *Duncan* did not deal with or address the contributory scheme established by article 2212a, § 2(d).

Article 2212a, § 2(d), provides a modified settlement credit rule, as opposed to the proportionate reduction doctrine. The decision to include or exclude a settling tortfeasor in the judgment must be made prior to submission to the jury. The effects of this type of an election can be seen in *McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal,* 627 S.W.2d 480 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). In that case, the Leals sued Garcia, Sanchez, and Kentucky Fried Chicken. Before the trial started, the Leals settled with Garcia and Sanchez and non-suited them. Kentucky Fried Chicken filed a cross-action against Garcia and Sanchez, seeking contribution and indemnity. Special issues were submitted to the jury to determine the percentage of negligence of each of the party defendants. The jury found 90% of the negligence attributable to Kentucky Fried Chicken and 10% attributable to Garcia. Kentucky Fried Chicken contended on appeal that the trial court erred in allowing a credit of $25,000.00 against the judgment. This credit represented the settlement between the Leals and Garcia. On appeal, this Court noted the necessity of making a conscious election prior to jury submission when we stated at 485:

> At that point of a trial, a non-settling defendant is faced with a strategic option, either to take his credit or submit the negligence of the settling defendant to the jury for a percentage determination. Here, the appellant chose the latter, and the jury found the settling appellee Garcia 10% negligent, but that said negligence was not the proximate cause of the occurrence in question. It is clear that when the negligence of the settling defendant was submitted to the jury, appellant, having made its election, is limited to a claim for proportionate reduction of the damages under Subdivision (e) of § 2, Article 2212a.

Appellant in this case was faced with exactly the same type of election. Appellant chose, however, not to submit the negligence of Exxon to the jury. Instead, it chose to stand on its subsection (d) right of credit. Having made this election, Merit was entitled to receive a credit in the amount of Exxon's settlement.

Since the facts of this case squarely fall under the auspices of article 2212a, § 2(d), we hold that it was error for the trial court to have refused to credit appellant with the amount of Exxon's settlement. Appellant's first and second points of error are sustained.

■ Appellees claim that appellant waived credit by failing to plead it, move for judgment, object to the judgment, or move for new trial However, the plain language of the statute entitles the nonsettling defendant (Merit, in this case) to deduct the amount of settlement from the jury verdict as to its negligence. The statute requires no action by the trial court. It is the defendant who "is entitled to deduct" its share of the settlement amount. *See Cypress Creek Utility Service Co. v. Muller,* 640 S.W.2d 860, 864 (Tex.1982). Furthermore, appellant made the trial court well aware throughout the trial that it was not planning to plead, prove, or submit issues concerning the negligence of Exxon, even though it was obvious that appellant based its defense on the theory that Honish and Exxon, and not Merit, were responsible for the injury to appellee Gary Honish. Appellant clearly stated on the record that it was requesting credit for the Exxon settlement at least during the following times: 1) during its motion to strike appellees' amended pleading before trial; 2) on the introduction of the settlement agreement as Court Exhibit 1 for the purpose of proving its entitlement to credit; and 3) during appellant's objections to the charge of the court.[2] The judgment of the trial court

2. The following is illustrative: "I also think now would be a good time to again state that the

against appellant should have reflected the credit taken by appellant.

Appellant complains that the trial court abused its discretion in refusing to strike appellees' cause of action for breach of warranty, added only two working days before trial. Within seven days of trial, the decision to grant or deny an amendment is discretionary with the trial court, and that decision will not be disturbed unless the opposite party clearly shows an abuse of discretion. *Hancock Fabrics, Inc. v. Martin,* 596 S.W.2d 186, 189 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Plata v. Guzman,* 571 S.W.2d 408, 411 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *see* TEX.R.CIV.P. 63.

Counsel for appellant objected to the amendment and claimed surprise. He argued that the warranty cause of action was inappropriate as a matter of law and that it was added merely to turn this into a "mixed-theory" case, thereby allowing appellees to avoid appellant's election of credit for the Exxon settlement under TEX. REV.CIV.STAT.ANN. art. 2212a, § 2(d). He argued further that he did not have adequate time to research and prepare for his decision whether or not to elect to take credit against Exxon. He stated that he did not have time to research the appellant's insurance coverage for a breach of warranty claim. Appellees' attorney did not respond to the claim of surprise, but directed his argument solely to the applicability of warranty to the facts of this case.

A trial court abuses its discretion by failing to apply the appropriate law to uncontroverted facts. *Amoco Production Co. v. Hardy,* 628 S.W.2d 813, 816 (Tex. App.—Corpus Christi 1981, writ dism'd); *see Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Alternatively, a party complaining that the trial court abused its discretion must show that the action complained of was arbitrary and unreasonable. *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex.1970).

Appellees originally filed their suit on November 9, 1982, over two years before the date of trial. Exxon settled out of the action, and Merit was added, some nineteen months before trial. The amended pleading setting up a new cause of action does not appear to be based on any new facts learned by appellees. Where the new matter appears to have been known by the parties seeking to file the amendment, the amendment should be denied. *Valdez v. Lyman-Roberts Hospital, Inc.,* 638 S.W.2d 111, 117 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). We hold that the trial court abused its discretion in allowing the amendment only two working days before trial, where the amendment was apparently not based on any late-discovered matters, and where the complaining party clearly pointed out to the trial court at least four good reasons why the amendment was improper at the time it was offered.

Appellant's points of error three through seven all complain of the action of the trial court in submitting to the jury the issue on breach of warranty. Appellee's appellate counsel during oral arguments admitted that the amendment of appellee's trial pleadings to include the claim for breach of warranty was a procedural attempt to avoid the effects of article 2212a, § 2(d). It was appellee's position that, under *Duncan* and *General Motors Corp. v. Simmons,* 558 S.W.2d 855, 862 (Tex.1977), the statute did not apply to actions in which strict liability, strict products liability, breach of warranty, or uncrashworthiness were established. Appellee has seriously misconstrued the holdings of these two cases.

The cause of action for breach of the warranty of good and workmanlike performance was clearly not proper under the circumstances of this case. While the in-

Defendant has from the beginning elected to take credit for the 6 million dollar settlement and not submit issues against Exxon and has requested credit pursuant to Article 2212–A [sic] of the comparative negligence statute and provisions therein allowing a credit."

teraction of parties to a suit may create duties under both tort and contract law, the substance of the cause of action alleged, and not merely the manner in which it was pleaded, is controlling. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (1986); *International Printing Pressmen and Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1946).

Even where a contractual duty is alleged to exist, a corresponding common-law duty exists to perform with the care and skill of an ordinarily prudent person. Alleging a failure to meet this standard, and an injury to the plaintiffs, states a cause of action for tort. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 510 (1947); *Compton v. Polonski,* 567 S.W.2d 835, 839 (Tex.Civ. App.—Corpus Christi 1978, no writ); *Huizar v. Four Seasons Nursing Centers,* 562 S.W.2d 264, 266 (Tex.Civ.App.—San Antonio 1978, writ ref'd).

Additionally, the injury to appellee Gary Honish does not violate the accepted meaning of a warranty of good and workmanlike performance. All that was required of appellant by its warranty of good and workmanlike performance was to do a good and workmanlike job, that is, to complete the job and substantially perform it. *Blevins v. Baker,* 511 S.W.2d 375, 378 (Tex. Civ.App.—Austin 1974, no writ); *Westbrook v. Watts,* 268 S.W.2d 694, 698 (Tex. Civ.App.—Waco 1954, writ ref'd n.r.e.). The warranty goes to the quality of work being performed, not to incidents which occur during performance. *Transworld Drilling Co. v. Levingston Shipbuilding Co.,* 693 S.W.2d 19, 22 (Tex.App.—Beaumont 1985, no writ).

Appellees appear to be contending that their allegation of breach of warranty is not merely an allegation that appellant violated the duty imposed by law, independent of contract, to use ordinary care to avoid injuring another. Instead, appellees appear to contend that they are able to assert the warranty of good and workmanlike performance expressed in the contract executed by Merit and Exxon.

Even if we assume that this is a contract action, privity of contract would be an essential element of recovery. *Major Investments, Inc. v. de Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Republic National Bank v. National Bankers Life Insurance Co.,* 427 S.W.2d 76, 79 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). Appellees appear to concede that Gary Honish was not privy to the contract between appellant, the drilling company, and Exxon, the owner of the well. Instead, appellees argue that he was a third-party beneficiary to that contract; alternatively, they contend that privity should extend horizontally to allow him to recover.

Parties are presumed to contract for themselves. A contract will not be construed as being made for the benefit of third parties unless that clearly appears to be the intent of the primary parties. *B & C Construction Co. v. Grain Handling Corp.,* 521 S.W.2d 98, 101 (Tex.Civ.App.—Amarillo 1975, no writ); *Republic National Bank,* 427 S.W.2d at 79.

Third-party beneficiaries are divisible into three classes: 1) donee beneficiaries, 2) creditor beneficiaries, and 3) incidental beneficiaries. Only the first two types may maintain an action on a contract to which they were not a party. *Republic National Bank* at 80. The language of the drilling contract neither states that it is for the benefit of employees of subcontractors such as Gary Honish, nor may such an intent be implied. Honish is, at most, an incidental beneficiary to that contract. *See B & C Construction Co.,* 521 S.W.2d at 101–02.

Nevertheless, appellees contend that horizontal privity should allow them to assert a breach of warranty against appellant. They rely on *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77 (Tex. 1977). In *Shivers,* the purchaser of a defective mobile home sued its manufacturer. The two parties to the suit were not in

privity.[3] The consumer sued under the theories of negligence, breach of warranty, and strict liability in tort for his purely economic losses. The Supreme Court held, in part, "that a manufacturer can be responsible, without regard to privity, for the economic loss which results from his breach of *the Uniform Commercial Code's implied warranty* of merchantability." *Id.* at 81 (emphasis added). This holding was based on a construction of TEX. BUS. & COM.CODE ANN. § 2.318 (Vernon 1968). Chapter 2 of the Business and Commerce Code applies only to "transactions in goods." *Id.* at § 2.102. Where, as here, the essence of the contract is for services, Chapter 2's warranty provisions do not apply. *See G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392, 394 (Tex.1982); *Gomez v. Franco,* 677 S.W.2d 231, 235 (Tex.App.—Corpus Christi 1984, no writ).

In *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980), also relied on by appellees, the plaintiff was badly burned when he tripped, breaking the containers of sulphuric acid which he was carrying. Plaintiff, the employee of the buyer, sued the seller, Texas Instruments, alleging breach of warranty under Chapter 2 of the Business and Commerce Code. Alternatively, he alleged that he was a third-party beneficiary to the sales contract. The plaintiff alleged no theory of recovery in tort. The Supreme Court held that "privity of contract is not a requirement *for a Uniform Commercial Code implied warranty action* for personal injuries." *Id.* at 465 (emphasis added). Again, the holding in *Garcia* was based on the language of the Business and Commerce Code. The present case is not within the Code. It would be improper to extend *Garcia* and *Shivers* to eliminate the privity requirement in suits for breach of warranty where there is not even a contract within the Business and Commerce Code.

The breach of warranty allegation filed by appellees within seven days of trial should not have been allowed. It was simply another way of alleging negligence, and, as appellant contends, an apparent attempt to make this a "mixed-theory" case so as to avoid the operation of TEX.REV. CIV.STAT.ANN. art. 2212a.

Appellant argues that the submission of issues concerning breach of warranty was improper. We have already determined that breach of warranty was not a proper basis for appellees' case, and that no amended pleading of warranty should have been allowed. It follows that no issues should have been submitted to the jury on that theory. *See Wagner v. Hall,* 519 S.W.2d 488, 490 (Tex.Civ.App.—El Paso 1975, no writ). Even if submitted, affirmative answers to issues on breach of warranty would form no basis for a judgment. *See American Surety Co. v. Fenner,* 133 Tex. 37, 125 S.W.2d 258, 261 (1939); *Pederson v. Dillon,* 623 S.W.2d 696, 697 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ); *Freitas v. Twin City Fisherman's Cooperative Association,* 452 S.W.2d 931, 935 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

In a cross-point of error, appellees contend that the trial court erred in denying them prejudgment interest in anticipation of *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). *Cavnar* held that a plaintiff in a personal injury action is entitled to prejudgment interest "on damages *that have accrued by the time of judgment*" (emphasis in original). *Id.* at 554. However, *Cavnar* held that the Cavnar children, who failed to segregate their past damages from their future damages, and were thus awarded their past and future losses in lump sums, were not entitled to recover prejudgment interest. *Id.* at 556; *see also Monsanto Co. v. Johnson,* 696 S.W.2d 558, 559 (Tex.1985).

This is precisely the situation in this case. In answer to Special Issue 5, the jury found four million dollars as appellee Gary Honish's *past and future* non-medical damages. In answer to Special Issue 6, the jury found one million dollars as appellee Gary Honish's future medical expenses.

3. There was, however, vertical privity.

Prejudgment interest on future damages is not recoverable. *Cavnar* at 555–56. In answer to Special Issue 7, the jury found one million dollars as appellee Melinda Honish's *past and future* damages. Appellees may not be awarded prejudgment interest on any of the damages awarded by the jury.

Neither is appellee Gary Honish entitled to prejudgment interest on the $80,524.64 in stipulated past medical expenses awarded in the judgment. *Cavnar* applied its holding not only to future cases, but to all cases "still in the judicial process" as of June 5, 1985, the date of the opinion. *Id.* at 556. However, *Cavnar* did not change the general requirement that pleadings are required to support an award of prejudgment interest even where prejudgment interest is recoverable as a matter of right. *Ford Motor Co. v. Durrill,* 714 S.W.2d 329 (Tex.App.—Corpus Christi, 1986, no writ); *see Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80, 96 (Tex.1976); *J.M. Hollis Construction Co. v. Paul Durham Co.,* 641 S.W.2d 354, 357 (Tex.App.—Corpus Christi 1982, no writ).

Appellees' specific pleading for interest asked for "interest on the judgment from the date it is entered by the Court." This is a prayer for *postjudgment* interest. It will not support an award of prejudgment interest. *See Tennessee Life Insurance Co. v. Nelson,* 459 S.W.2d 450, 454 (Tex. Civ.App.—Houston [14th Dist.] 1970, no writ). Appellees' cross-point is overruled.

The judgment of the trial court is reversed and judgment is here rendered that the liability of appellant Merit Drilling be reduced by six million dollars, the amount Exxon paid in settlement to appellees, Gary and Melinda Honish.