Elizabeth CANALES, et al., Appellants,

v.

Dolores C. ZAPATERO, et al., Appellees.

No. 04–88–00282–CV.

Court of Appeals of Texas,
San Antonio.

May 31, 1989.
Rehearing Denied June 26, 1989.

**660**

J.A. Canales, Nancy M. Simonson, Canales & Simonson, Corpus Christi, for appellants.

Terry A. Canales, Premont, Timothy Patton, Pasqual & Pozza, San Antonio, for appellees.

Before BUTTS, BIERY and CARR, JJ.

## ON APPELLEES' MOTION FOR REHEARING

PER CURIAM.

Appellees' motion for rehearing is denied. We withdraw our opinion of April 19, 1989 and substitute this opinion.

This appeal follows a suit concerning a dispute over the existence of certain easements. After a jury trial, the court awarded appellees damages in the amount of $25,000.00, attorney fees in the amount of $40,000.00 for trial of the case, $25,000.00 for an appeal, $25,000.00 in the event of an appeal to the Texas Supreme Court and injunctive relief. Appellants dispute only the portion of the judgment awarding attorney fees and advance four points of error in support of their position. We reverse that portion of the judgment regarding attorney fees and remand the cause to the trial court.

In their first two points of error, appellants contend that the trial court erred in awarding any attorney fees at all. First, the jury found that appellants did not act maliciously and, therefore, the award was improper. Second, appellees failed to plead a statutory basis that would authorize an award of attorney fees.

 Attorney fees are not recoverable in an action unless provided for by statute or contract between the parties. *New Amsterdam Casualty Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex.1967). In cases involving malicious conduct, attorney fees may be considered an element of punitive damages. *Carter v. Barclay*, 476 S.W.2d 909, 917 (Tex.Civ.App.—Amarillo 1972, no writ); *Fitz v. Toungate*, 419 S.W.2d 708, 710 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.).

In their pleadings, appellees requested attorney fees based on their allegation that appellants acted maliciously. The relevant portion of appellees' pleadings reads as follows:

### XL.

That the conduct of CANALES, especially that of ELIZABETH D. CANALES, in destroying Plaintiff's easement and in locking ZAPATERO out was malicious in nature and ZAPATERO allege (sic) that they are entitled to the recovery of punitive damages.

### XLI.

That as a result of the Defendants' malicious conduct, as above alleged, ZAPATERO was required to retain the Law Firm of CANALES & BARRERA, and thereafter, TERRY A. CANALES, and ZAPATERO allege (sic) that they are entitled to the recovery of reasonable attorneys fees expended.

The record also reflects that appellees advanced no other theories for attorney fees in their pleadings. The jury found that appellants did not act willfully or with malice. Therefore, we agree with appellants' contention that appellees were not entitled to attorney fees on that basis.

We disagree, however, with appellants' position that appellees are precluded from collecting attorney fees under the Declaratory Judgments Act. TEX.CIV. PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986).[1] In a suit filed under the Declaratory Judgments Act, the trial court may award reasonable and necessary attorney fees that are equitable and just. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009.

Appellants argue that appellees did not seek redress under the Declaratory Judgments Act and, therefore, are not entitled to the attorney fees thereunder. We disagree. There is no particular type of pleading required for the Declaratory Judgments Act. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 704 (Tex.App.—Houston [1st Dist.] 1987, writ denied). Pleadings under this Act are to be liberally construed. *Frost v. Sun Oil Co.*, 560 S.W.2d 467, 473 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

In this case, appellees allege in their pleadings that appellants had obstructed appellees' easements over appellants' property. The relief sought by appellees was title to and possession of the described easements, a temporary injunction to prevent appellants from interfering with the easements and a permanent injunction after a final hearing. This matter, which concerns settlement and clarification of rights with respect to easements, falls within the scope of the Declaratory Judgments Act. TEX.CIV.PRAC. & REM. CODE ANN. § 37.002(b); *see generally Pena v. Salinas*, 734 S.W.2d 400 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.); *Davis v. Pletcher*, 727 S.W.2d 29 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Therefore, it was proper to award attorney fees. *First Nat'l Bank v. Anderson Ford–Lincoln–Mercury, Inc.*, 704 S.W.2d 83, 85 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

In their third and fourth points of error, appellants argue that at the very least, the cause should be remanded to determine what percentage of appellees' attorney fees were attributable to time spent on the declaratory judgment action. Appellants assert that they are not liable for the attorney time expended on the unsuccessful tort action.

Appellees argue that appellants have waived these points of error because appellants failed to request that attorney fees be segregated between services attributable to the declaratory and non-declaratory relief. *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex.1988); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex.1985); *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985). In each of these cases, appellee's pleadings contained multiple requests for attorney fees. *See, e.g., Aero Energy*, 699 S.W.2d at 823 (attorney fees for both breach of contract and fraudulent inducement). In none of these cases did appellant object to the failure of the trial court to segregate the attorney fees among the several claims. Therefore, each appellant waived error.

In this case, appellees made only one claim for attorney fees (based on willful and malicious conduct) within their pleadings. That claim failed, thereby leaving appellees with nothing in their pleadings to support the award for attorney fees. Furthermore, appellees did not specifically plead for attorney fees under the Declaratory Judgments Act; nevertheless, we are able to infer from the record that the trial court awarded attorney fees as equitable relief under the Declaratory Judgments Act. TEX.CIV.PRAC. & REM. CODE ANN. § 37.009; *see James*, 742 S.W.2d at 704.

Had appellees specifically pleaded for attorney fees under the Declaratory

---

**1.** All references to the Civil Practice and Remedies Code will be to Vernon 1986.

Judgments Act, appellants would have been required to request segregation of attorney fees in order to preserve error. Appellees, however, failed to make such a specific request for relief. We hold that under these circumstances, appellants were not required to request the segregation of attorney fees. To hold otherwise would encourage plaintiffs to be obscure or misleading when requesting attorney fees in their pleadings.

Since appellants were on notice of only one claim for attorney fees (the tort action), it was not necessary for them to object to the trial court's failure to segregate attorney fees.[2] Therefore, we will address appellants' arguments.

■ The record indicates that a significant portion of the testimony and evidence presented by appellees was directed toward the tort action. We are unable to determine what portion of attorney time was allotted to the successful declaratory judgment claim and what portion of attorney time was attributable to the unsuccessful tort action. The only attorney fees recoverable are those related to the declaratory judgment, the successful action. *First Nat'l Bank,* 704 S.W.2d at 85. Therefore, we must remand this cause to determine what portion of the attorney fees is attributable to the declaratory judgment action. *Harmes v. Arklatex Corp.,* 615 S.W.2d 177, 180 (Tex.1981).

■ Appellees also argue that this Court erred in granting extensions of time for appellants to file the statement of facts. Furthermore, appellants have not provided a reasonable explanation to justify the need for an extension of time. Therefore, we should not consider the statement of facts and affirm the judgment. *Ameriphone, Inc. v. Tex-Net, Inc.,* 742 S.W.2d 777 (Tex. App.—San Antonio 1987, no writ); TEX.R. APP.P. 54(c).

In this case, appellant's difficulty in filing the statement of facts was due to the fact that the trial was recorded by four private court reporters and not the official court reporter. We find that this reasonably explains appellants' need for an extension of time in filing the statement of facts. TEX.R.APP.P. 54(c); *cf. Ameriphone,* 742 S.W.2d at 777 (no reasonable explanation was given for the need for an extension of time). Appellees' arguments concerning our granting of appellants' motion are without merit.

In their sole cross-point of error, appellees allege that appellants filed a frivolous appeal and, pursuant to TEX.R.APP.P. 84, seek an award of 10% of the amount of attorney fees. We do not find that appellants' appeal was frivolous. Appellees' cross-point is overruled.

Accordingly, we remand this cause to the trial court for a determination of what amount of attorney fees is recoverable under the Declaratory Judgment Act. The judgment in all other respects is affirmed.

---

**2.** During opening argument, appellees raised the issue of attorney fees. Appellants objected on the grounds that appellees lacked a statutory basis that would justify such an award. The trial court overruled the objection.

During the trial, appellants consistently objected when appellees attempted to introduce evidence pertaining to attorney fees. Specifically, appellant asserted that appellees failed to request relief under the Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986). The trial court overruled all of these objections as well. These objections were sufficient to preserve error.