NUMBER 13-98-651-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


TERRY CHRISTOPHER BOUNDS, Appellant,


v.



JACKSON H. PARKER AND LINDA L. PARKER, Appellees.

____________________________________________________________________


On appeal from the 105th District Court of Kleberg County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Hinojosa



 Appellees, Jackson H. Parker and Linda L. Parker, sued appellant,
Terry Christopher Bounds, for placing a barbed wire fence across an
easement and obstructing appellees' access to the driveway of their
residence. A jury found that: (1) a sixty-feet easement existed across
appellant's land, (2) the easement was not abandoned or lost by
adverse possession, (3) the installation of the fence by appellant across
the easement constituted a nuisance, and (4) appellees suffered
damages. The trial court entered a judgment against appellant based
on the jury's verdict for actual damages, exemplary damages, and
attorney's fees. The trial court's judgment declares that a sixty-feet
easement exists and that appellees "have the right to remove any
obstructions, including any fences, which may now obstruct said
easement." By six points of error, appellant challenges the trial court's
judgment. We affirm.

A. Judgment for Money Damages


 By his first three points of error, appellant challenges that part of
the trial court's judgment awarding appellees actual damages,
exemplary damages, and attorney's fees. 

 In his first point of error, appellant complains the trial court erred
in allowing appellees to amend their petition because the amended
petition sought a declaratory judgment with new causes of action and
"caused him surprise and denied [him] a reasonable opportunity to
prepare to defend the new causes of action."

 On the day the trial began, the trial court granted appellees'
motion for leave to file an amended petition. The denial or allowance of
a pleading amendment is reviewed for abuse of discretion. Greenhalgh
v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990); Vermillion
v. Haynes, 215 S.W.2d 605, 609 (Tex. 1948). Texas Rule of Civil
Procedure 63 governs the amendment of pleadings:

Parties may amend their pleadings . . . provided that any
pleadings, responses or pleas offered for filing within seven
days of the date of trial or thereafter . . . shall be filed only
after leave of the judge is obtained, which leave shall be
granted by the judge unless there is a showing that such
filing will operate as a surprise to the opposite party.


Tex. R. Civ. P. 63. In Greenhalgh, the supreme court stated:

Not only did the trial court not abuse its discretion in
granting the amendment, it would have been an abuse of
discretion if the trial court had refused the amendment. 
Under Rules 63 and 66 a trial court has no discretion to
refuse an amendment unless: 1) the opposing party presents
evidence of surprise or prejudice, Tex. R. Civ. P. 63 and 66;
or 2) the amendment asserts a new cause of action or
defense, and thus is prejudicial on its face, and the opposing
party objects to the amendment. The burden of showing
prejudice or surprise rests on the party resisting the
amendment. (citations omitted).

 

Greenhalgh, 787 S.W.2d at 939. After reviewing the record, we
conclude appellant has not met this burden.

 The amended petition did not change the factual or legal basis for
the relief previously sought by appellees. The amended petition was
filed in response to appellant's request for a more specific pleading. On
June 18, 1998, appellant filed special exceptions to appellees' original
petition. In his special exceptions, appellant asked that appellees
replead: (1) to provide statutory authority for appellees' demand for
attorney's fees; (2) to provide legal authority for appellees' claim for
exemplary damages; and (3) to specify the amount of damages
appellees requested. At a pre-trial conference one week later, the
parties agreed that appellees would replead their claims for damages,
attorney's fees, and exemplary damages after pending depositions were
completed. Although the depositions were scheduled for July 2, 1998,
they were not concluded until July 31, 1998.

 On Friday, July 31, 1998, appellees filed: (1) their motion for leave
to file the amended petition and (2) their amended petition. Appellees
sought leave of court to file their amended petition because the trial was
to begin on Tuesday, August 4, 1998, four days after the parties
finished their depositions. See Tex. R. Civ. P. 63. 

 In their original petition, appellees described appellant's conduct:

On February 10, 1998, the [appellant] wrongfully obstructed
the [appellees'] use of [their] easement by building a fence
across the eastern boundary. The [appellant's] actions have
obstructed access to the road easement, and [appellees']
access to the driveway of their residence. These acts have
made ingress and egress to the [appellees'] residence
impossible. By installing the fence, the [appellant] prevents
the [appellees] from using the right-of-way, and will prevent
the [appellees] from access to their own home unless
restrained by this Court.


 In their amended petition, appellees retained the above description
of appellant's conduct and added to it the elements of nuisance to
describe appellant's conduct:

These acts of the [appellant] constitute nuisance under the
laws of the State of Texas. Specifically, the [appellant's]
actions constitute an intentional invasion of the [appellees']
interests and land resulting in substantial interference with
the [appellees'] use and enjoyment of their property.


 Appellees had already alleged specific conduct by appellant in their
original petition. Appellees only clarified and made more specific their
claim, but they did not add a new cause of action. Appellees merely
described appellant's conduct in greater detail. Appellant should not be
surprised that appellees' claim that his blocking their driveway with a
barbed wire fence absent authority to do so constitutes a nuisance. 
The specific facts alleged in the prior pleading were sufficient to put him
on notice of the nuisance cause of action. See Tex. R. Civ. P. 45, 47;
Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.
1963) ("The petition will be construed as favorably as possible for the
pleader. . . . Every fact will be supplied that can reasonably be inferred
from that [which] is specifically stated.").

 Appellant also argues that the language used by appellees in their
claim for exemplary damages in their amended petition alleges a new
cause of action. The amended petition states: "The damages which
[appellees] seek to recover result from [appellant's] malice, willful acts
or omissions, and/or gross negligence." These descriptions relate to
appellant's state of mind and are not separate causes of action. See,
e.g., Louisiana-Pacific Corp. v. Andrade, 19 S.W.3d 245, 245 (Tex.
2000) (differentiating negligence from gross negligence on culpable
party's state of mind). A state of mind is a term used in connection
with evidence regarding a person's reasons or motives for acting. See
Black's Law Dictionary 1409 (6th ed. 1990). Malice, intent and gross
negligence cannot stand on their own as causes of action without being
related to underlying tortious claims.

 Appellant also argues that appellees' request for declaratory relief
in the amended petition adds a new cause of action. Declaratory relief
does not a create a cause of action or substantive rights; it is a
procedural device. See Tex. Civ. Prac. & Rem. Code Ann. § 37.002
(Vernon 1997); see Kadish v. Pennington, 948 S.W.2d 301, 303-04
(Tex. App.--Houston [1st Dist.] 1995, no writ).

 The record reflects that appellant did not establish any prejudice
resulting from the amended petition. See Hardin v. Hardin, 597 S.W.2d
347, 349-50 (Tex. 1980) (appellant has burden of proving to the trial
court some specific prejudice as a result of a claimed surprise from an
amended petition). Appellant did not show prejudice by specifying
what witnesses he would need to call because of the amended petition
or that any potential witness he needed to call would be unavailable for
trial. Further, appellant did not specify what evidence he would need
to present as a result of the amended petition and that such evidence
was unprepared or unavailable for trial.

 Appellant argues that appellees' amended petition was not filed
with due diligence. It is within the trial court's discretion to permit a
party to amend his pleadings when the defending party claims the
amendment was made with a lack of due diligence. See Sanchez v.
Mathews, 636 S.W.2d 455, 460 (Tex. App.--San Antonio 1982, writ
ref'd n.r.e.); Fry v. Guillote, 577 S.W.2d 346, 348 (Tex. Civ.
App.--Houston [14th Dist.] 1979, writ ref'd n.r.e.). Here, we see no lack
of due diligence. Appellees filed their original petition in February 1998. 
In June 1998, appellant specially excepted and specifically asked that
appellees replead their causes of action. The parties agreed that
appellees would replead after the completion of depositions scheduled
for July 1998. The depositions were completed on Friday, July 31,
1998, and appellees repleaded that same day. Because trial was to
commence in four days, appellees also filed a motion for leave to file the
amended petition. The trial commenced on Tuesday, August 4, 1998. 
We see no abuse of discretion.

 Finally, appellant contends the amended petition was not based
on newly discovered facts. Appellant cites Merit Drilling Co. v. Honish,
715 S.W.2d 87 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.), in
support of this contention. Honish is distinguishable from this case for
three reasons. First, in Honish, a new cause of action was added to the
plaintiff's petition. Id. at 91. In this case, appellees did not add a new
cause of action to their amended petition. In Honish, there was no prior
agreement between the parties that the plaintiff was to amend its
pleading to make the allegations more specific. Id. In this case, the
parties agreed that appellees would amend their petition after the
depositions were completed. Finally, in Honish, the party opposing the
amendment met its burden of proving prejudice as a result of the
amendment. Id. In this case, appellant did not meet his burden of
establishing prejudice as a result of the amendment. Appellant has
cited no authority, and we have found none, which requires that an
amended pleading be based on newly discovered facts.

 We hold the trial court did not err in allowing appellees to amend
their petition. We overrule appellant's first point of error.

 In his second point of error, appellant contends the trial court erred
in allowing appellees to amend their petition because the amended
petition sought a declaratory judgment for issues which could have
been disposed of under the original petition.

 Under this point of error, an analysis for an abuse of discretion is
unnecessary because any possible error made by the trial court in
allowing appellees to file their amended petition could not have caused
harm. Under the Uniform Declaratory Judgments Act ("UDJA"), there
are no particular pleading requirements. See Canales v. Zapatero, 773
S.W.2d 659, 661 (Tex. App.--San Antonio 1989, pet. denied) (citing
James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 704 (Tex.
App.--Houston [1st Dist.] 1987, writ denied)). Pleadings under the
UDJA are to be liberally construed. Canales, 773 S.W.2d at 661 (citing
Frost v. Sun Oil Co., 560 S.W.2d 467, 473 (Tex. Civ. App.--Houston [1st
Dist.] 1977, no writ)). The settlement and clarification of rights with
respect to easements falls within the scope of the UDJA. Tex. Civ. Prac.
& Rem. Code Ann. § 37.002(b) (Vernon 1997); Canales, 773 S.W.2d at
661.

 Because appellees could have obtained declaratory relief under
their original petition, we hold the trial court did not err in allowing
appellees to file their amended petition. We overrule appellant's second
point of error. 

 In his third point of error, appellant complains the trial court erred
in allowing appellees to amend their petition because appellees, "in
their original pleadings, are not entitled to attorney['s] fees and sought
a [d]eclaratory [j]udgment for the sole purpose of recovering attorney['s]
fees."

 Although appellees' amended petition made no change to the
factual or legal basis for the relief they previously sought, it was filed
because appellant filed special exceptions to appellees' original petition. 
In his special exceptions, appellant asked that appellees replead to
provide statutory authority for appellees' demand for attorney's fees. 
Appellees merely complied with appellant's request.

 We have already concluded that appellees could have obtained
declaratory relief under their original petition. In a suit filed under the
UDJA, the trial court may award reasonable and necessary attorney's
fees that are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. §
37.009 (Vernon 1997). We hold the trial court did not err in awarding
appellees their attorney's fees. See Canales, 773 S.W.2d at 661 (citing
First Nat'l Bank v. Anderson Ford-Lincoln-Mercury, Inc., 704 S.W.2d 83,
85 (Tex. App.--Dallas 1985, writ ref'd n.r.e.)). We overrule appellant's
third issue.

B. Declaratory Judgment
 

 The jury found that a sixty-feet easement exists across appellant's
land and that it was not abandoned or lost by adverse possession. The
trial court's judgment declares that a sixty-feet easement exists over
appellant's land and that appellees "have the right to remove any
obstructions, including any fences, which may now obstruct said
easement." By his last three points of error, appellant challenges this
declaratory judgment.

 In his fourth, fifth, and sixth points of error, appellant contends the
trial court erred in overruling his objections to the proposed judgment,
motion to disregard the jury's findings, motion for judgment
notwithstanding the verdict, and motion for a new trial because the
evidence is legally and factually insufficient to support the jury's
findings that: (1) a sixty-feet easement exists across appellant's land,
(2) appellant did not adversely possess the easement, and (3) the
easement was not abandoned. Appellant contends a sixty-feet
easement does not exist across his land.

 On June 1, 1999, the Kleberg County Sheriff's Office, pursuant to
a writ of execution, sold all of appellant's interest in the property in
question. Because appellant no longer has any interest in the property
in question, any determination we make regarding this issue will have
no effect on the ownership rights he asserts in this case. We, therefore,
dismiss appellant's fourth, fifth, and sixth points of error as moot.

 We affirm the judgment of the trial court.

 

 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.